# EXHIBIT 28

| | |
|---|---|
| From: | Brenda Barry <bbarry@pwcapital.net> |
| Sent: | Thursday, February 27, 2014 02:33 PM |
| To: | |
| Subject: | Trust Agreement |
| Attachments: | PWCG TRUST-Amended and Restated Trust Agreement - EXECUTED COPY.PDF |

John,

I have attached the Trust Agreement for you to review. Please give me a call with any additional questions.

Thank you,

Brenda Barry



**PacificWest CAPITAL GROUP**

1901 Avenue of the Stars
Suite 680
Los Angeles, CA 90067
1-800-588-8000 (toll free)
310-578-6343 (local phone)
310-578-6443 (fax)
www.pwcapital.net



1

FOIA Confidential Treatment Requested

PWCG157021

Exhibit 28 Page 532

## AMENDED AND RESTATED TRUST AGREEMENT

**THIS AMENDED AND RESTATED TRUST AGREEMENT** ("Agreement") is made and entered into this 29 day of April, 2011 by and between Pacific West Capital Group, Inc., (a California corporation) with its address at 1901 Avenue of the Stars, Suite 360 Los Angeles, California, 90067 (hereinafter referred to as "Grantor" or "Pacific West") and Mills, Potoczak & Company, an Ohio professional corporation with its address at 27600 Chagrin Boulevard, Suite 200, Cleveland, Ohio 44122 (hereinafter referred to as "Trustee"). This trust created by this Agreement shall be referred to as the "PWCG Trust" (the "Trust"). This Agreement supersedes and replaces in its entirety the PWCG Trust Agreement dated November 9, 2004.

### WITNESSETH

**WHEREAS**, Pacific West is principally engaged in identifying and assisting buyers ("Buyers") in the funding and purchasing life settlements consisting of a portion of the death benefits ("Death Benefits") payable under certain life insurance policies ("Policies") insuring the life or lives of one or more senior individuals (individually and collectively, the "Insured") owned either by the Insured or a third party ("Selling Policy Owner") pursuant to a Life Settlement Purchase Agreement between Pacific West and a Buyer (Exhibit A); and

**WHEREAS**, Trustee desires to serve as a trustee of the Trust for Policies, assigned to the Trust and of which the Trust becomes the beneficiary, payment of premiums due for the Policies and the payments of Death Benefits to the applicable beneficiaries of the Trust, as is more fully set forth in this Agreement; and

**WHEREAS**, this Trust is designed to provide a vehicle for assignments of beneficial interests in the Death Benefits upon the written certification of Grantor as hereinafter set forth;

**WHEREAS**, both Grantor and Trustee agree that the sole relationship between them arising under this Agreement is a trust arrangement.

**NOW THEREFORE**, it is hereby agreed as follows:

I. **PURPOSES AND POWERS**

The exclusive purposes and functions of the Trust are as follows:

A. To hold legal title to, and be the beneficiary of, the Policies and all other Trust assets conveyed to the Trust from time to time pursuant to any transaction document;

B. At the direction of the Grantor, to pay from the Premium Account when due to the applicable insurance company that has issued a Policy all insurance premiums required to keep such Policy in-force and to prevent such Policy from lapsing or otherwise terminating;

pacific west trust amended and restated trust agreement clean (2)

FOIA Confidential Treatment Requested

PWCG157022

Exhibit 28 Page 533

C.  At the direction of the Grantor following its or the Trustee's receipt of notice of the death of the Insured under a Policy, to prepare, complete, sign and file with the applicable insurance company a claim form for obtaining payment from such insurance company of the Death Benefits payable under the Policy, to receive and promptly deposit such payment of Death Benefits in the Collection Account And to distribute each applicable Beneficiary the portion of such Death Benefits owed to such Beneficiary under the Agreement.

D.  To engage in those activities, including entering into agreements, that are necessary or suitable to accomplish the foregoing or are incidental thereto or connected therewith; and

E.  To engage in such other activities as may be required in connection with conservation of the Trust's assets and the making of distributions of the Trust assets to the applicable Beneficiaries as required hereunder.

The Trust is hereby authorized to engage in all the foregoing activities. The Trust shall not engage in any activity other than in connection with the foregoing or other than as required or authorized by the terms of this Agreement or any transaction document.

## II.  TRUST PROPERTY

Grantor, as Grantor, has transferred to Trustee the sum of FIVE HUNDRED DOLLARS ($500) receipt of which is acknowledged by Trustee, as the initial trust principal, which shall be held by Trustee, in trust, for the purposes and upon the terms as set forth herein. Additional assets may be transferred to the Trust, and shall be held by Trustee pursuant to the terms hereof which shall become part of the Trust estate.

## III.  APPOINTMENT OF TRUSTEE

Grantor hereby appoints Mills, Potoczak & Company as the Trustee for the purposes set forth in this Agreement, and Trustee hereby accepts such appointment under the terms and conditions set forth in this Agreement. Trustee is willing to hold in trust the funds and property as described herein and to administer such other assets as Trustee may from time to time receive to be held in accordance with the terms hereof, and to act as Trustee hereunder. It is expressly understood that the recording of any assignment, ownership or beneficiary on the Policies shall be "PWCG Trust", and shall be for the benefit of the applicable Buyers in accordance with the written direction from the Grantor included in the fully executed Life Settlement Benefit Purchase Agreements to which such Buyers are a party.

## IV.  BENEFICIARIES

Beneficiaries of the Trust shall be the Buyers as specifically identified in a beneficiary list attached to each Policy purchase delivered by the Grantor to the Trustee ("Beneficiary List"). The Grantor shall be the sole beneficiary of any remaining assets or liabilities upon the termination of the Trust.

FOIA Confidential Treatment Requested

PWCG157023

Exhibit 28 Page 534

## V. PREMIUM ACCOUNT

### A. Establishment of Premium Account:

1. **Premium Account.** Upon the execution of this Agreement, Trustee shall establish and maintain an account at City National Bank named "PWCG Trust Premium Account" (the "Premium Account"). From time to time, Grantor shall cause to be deposited with the Trustee, funds for the payment of premiums due for Policies for a period of time further defined in the Life Settlement Purchase Agreement (the "Premiums" or "Premium Reserve Amount").

2. **Sub-Ledger Accounts.** Trustee agrees to maintain proper accounting records in separate designated ledgers for each Policy ("Sub-Ledger Accounts"), which itemizes all funds received by Trustee from Grantor for such Policy and the allocation of such funds for specific Policies.

3. **Collection Account.** Upon execution of this Agreement, Trustee shall establish and maintain an account named PWCG Trust Collection Account (the "Collection Account"). Trustee shall deposit all payments of Death Benefits received by Trustee under the Policies from insurance companies into the Collection Account.

4. From time to time, the Premium Account and Collection Account may be referred to herein as the Accounts.

**B.    Investment of Funds in the Accounts.** During the term of this Agreement, the cash balances of the Accounts shall be invested and reinvested by the Trustee in a Money Market Account, or in a similar approved fund or such other liquid investment account as Grantor may from time to time designate in writing to Trustee and which account is reasonably acceptable to Trustee. The Trustee, in its capacity as trustee hereunder, shall have no liability for any loss sustained as a result of any investments made for funds held in the Accounts pursuant to this Agreement or the instructions of Grantor, as a result of any liquidation of any investment prior to its maturity or for the failure of Grantor to give the Trustee timely instructions to invest or reinvest any monies in the Accounts or any earnings thereon.

**C.    Financial Reporting.** Trustee will provide Grantor with a detailed monthly financial activity report of the Trust activities, itemizing each individual credit and debit posting, as well as a report listing all Policies and the Premiums paid by Trustee with respect to each such Policy during the immediately preceding month.

**D.    Taxes.** Trustee shall not be liable or responsible for the payment of any taxes on the earnings of the Trust.

**E.    Interest.** All interest earned on the cash balances held in the Accounts shall accrue to the benefit of Trust.

**F.    Income.** The Trust shall pay out so much of its annual income as is necessary to pay expenses as authorized by this Agreement. Any distributions made by Trustee under this Agreement, other than payment of premiums or death benefits, may only be made by Trustee at the prior written direction of Grantor.

pacific west trust amended and restated trust agreement clean (2)     3

## VI. DUTIES OF TRUSTEE

**A. General Authority.** The Trustee is authorized from time to time to take such action as the Grantor instructs in writing to Trustee.

**B. General Duties.** It shall be the duty of the Trustee to discharge (or cause to be discharged) in good faith and as a fiduciary all of its duties and responsibilities pursuant to the terms of this Agreement and to administer the Trust in the best interests of the Beneficiaries, subject to and in accordance with the provisions of this Agreement. Notwithstanding the foregoing, the Trustee shall be deemed to have discharged its duties and responsibilities hereunder to the extent that any other person assigned by the Grantor to perform any act or to discharge any duty of the Trustee hereunder, and the Trustee shall not be held liable for the default or failure of any such person to carry out such act or duty assigned to such person by Grantor.

**C. Maintenance of Premium Account and Payment of Premiums.** To the extent that funds on deposit in the Premium Account are sufficient to make the premium payments due on the Policies, the Trustee shall pay premiums on each of the Policies from the principal balances of the Premium Account as follows:

1. Upon assignment of a Policy to the Trust, Grantor shall immediately provide to the Trustee a premium payment schedule for such Policy ("Schedule") that shall include (i) the amount, due date and frequency of each premium payment and (ii) address of each payee and any documentation that may be required to accompany the premium payment check, if any.

2. Trustee shall pay by check the premiums on each Policy at such times and in such amounts in accordance with the related Schedule. Trustee shall maintain separate records of premium payments made by Trustee for each Policy. Trustee shall promptly confirm the receipt by the applicable insurance company of such premium payments for the related Policy.

3. In the event that funds on deposit in the Premium Account for a given Policy are less than the next premium payment due on such Policy, the Trustee shall notify Grantor of such deficiency not less than thirty (30) days prior to the date on which such premium payment is due. Grantor shall then have the option to: (i) cause funds in an amount equal to such deficiency to be deposited in the Premium Account and upon receipt of such funds by Trustee, Trustee shall then make such premium payment; or (ii) instruct Trustee not to make such premium payment, provided that such option may only be exercised by Grantor if the Policy has sufficient value to eliminate the need of continued premium payments for such Policy, or (iii) if the Grantor is unable to provide funds and there is insufficient value in the Policy to eliminate the need of continued premium payments for such Policy, then the Trustee shall request from the applicable Beneficiaries additional funds for payment of premiums due for the related Policy.

1. If an Insured dies prior to the portion of the funds held in the Premium Reserve Account allocable to the related Policy being exhausted, then upon notification and written

pacific west trust amended and restated trust agreement clean (2)     4



FOIA Confidential Treatment Requested

PWCG157025

Exhibit 28 Page 536

instruction of Grantor to the Trustee, the Trustee shall allocate such unused portion of funds held in the Premium Reserve as described in the Life Settlement Purchase Agreement.

    2. Trustee shall make no payments from the Premium Account except as expressly set forth in this Agreement.

    D. **Beneficiary List**

    1. Upon assignment of a Policy to the Trust, Grantor shall immediately provide to Trustee the applicable Beneficiary List.

    2. Trustee shall issue letters in a form approved by Grantor to the Buyers of their purchase amounts and amounts to be distributed to them upon the death of an Insured from the Death Benefits paid under the related Policy.

    3. Grantor shall provide from time to time any additions or changes to the Beneficiary List, and Trustee shall issue letters to the applicable Buyers or Beneficiaries regarding such additions or changes.

    B. **Filing of Claims for the Benefit of Buyers**

    1. When Grantor has advised Trustee or Trustee has otherwise learned that an Insured has died, Trustee shall promptly execute a claim as beneficiary of the related Policy and mail the claim for the Death Benefits to the appropriate insurance company using the documentation prepared by Grantor and delivered to the Trustee for this purpose. Upon receipt by the Trustee of payment for such claim, Trustee shall pay, within two business days, the applicable portion of the Death Benefits to the Buyer applicable Beneficiaries.

**VII. FEES.**

Grantor agrees to:

    **A.** Pay the Trustee all fees as per the attached fee schedule.

    **B.** Pay or reimburse the Trustee monthly all such other reasonable out-of-pocket expenses incurred or made by Trustee in the immediately preceding month, in connection with the performance of this Agreement.

**VIII. MISCELLANEOUS.**

    **A. Termination.**

    1. **Removal of Trustee.** The Trustee may be removed upon not less than thirty (30) days prior written notice of removal by Grantor to Trustee, and the appointment of a substitute

FOIA Confidential Treatment Requested    PWCG157026

Exhibit 28 Page 537

trustee ("Substitute Trustee"). Notwithstanding the foregoing, Grantor may, at any time and in its sole discretion with no additional notice, remove and/or revoke this Agreement and Trustee's appointment as Trustee on the occurrence of (i) fraud, dishonesty or similar malfeasance by Trustee; (ii) the initiation of any and all investigations by any government agency to which Trustee is a party; (iii) the delivery to the Trustee of a notice of material violation or breach of this Agreement by the Trustee, including, but not limited to, Trustee's refusal to comply with or perform any directions given by Grantor as provided herein; (iv) upon Trustee's dissolution or insolvency or (v) Trustee's violation of law in connection with this Agreement. As used in the preceding sentence, "insolvency" means the application for debtor relief under any federal or state statute, and/or the filing of any petition in bankruptcy by or against Trustee, the institution of any proceeding by or against Trustee that seeks as relief the appointment of a receiver, or the appointment of a receiver.

  2. **Agreement Termination**. This Agreement shall terminate on the date that all Premium Account funds are transferred to the Substitute Trustee.

  3. **Substitute Trustee**. On the termination or resignation of Trustee, Grantor shall appoint a Substitute Trustee on terms and conditions acceptable to Grantor, to accept a transfer of the Premium Account and act as trustee there under. Every Substitute Trustee shall have the powers given to the originally named Trustee. No Substitute Trustee shall be personally liable for any act or omission of any predecessor Trustee. A Substitute Trustee may accept the account rendered and the property received as a full and complete discharge to the predecessor Trustee without incurring any liability for so doing. Grantor is responsible for notifying each Buyer of any Substitute Trustee.

  **B.**  **Resignation of Duties:** The Trustee may resign and be discharged from its duties or obligations hereunder by giving not less than sixty (60) days prior notice resignation in writing, via certified mail, return receipt requested, of such resignation. Such resignation shall not take effect until a Substitute Trustee has been named by Grantor as long as Grantor continues to pay Trustee any Trustee fees due under this Agreement. Subject to the foregoing, Trustee may terminate this Agreement at any time that it determines, in its absolute discretion, that any party directly or indirectly involved in the transactions contemplated by this Agreement is utilizing the transactions contemplated by this Agreement in violation of U.S. or other applicable laws, including, but not limited to, the USA PATRIOT ACT.

  **C.**  **Authorized Contacts**: During the term of this Agreement, Grantor will periodically furnish to Trustee a written list of individuals, substantially in the form of Attachment "B", who are authorized to contact Trustee on behalf of Grantor by telephone. Trustee is not obligated to accept telephone contact from anyone not included on said list, and shall have no liability in the event that a person claiming to be an individual listed on said list is not who he/she purports to be.

  **D.**  **Duties**: The Trustee is empowered to do all things necessary or convenient for the orderly administration of the Trust in compliance with this Agreement without obtaining the approval of any Court and undertakes to perform such duties as are expressly set forth herein. In exercising such powers, Trustee shall act in a manner that is reasonable and equitable in view of the interest of the Buyers, and in the manner in which persons of ordinary prudence, diligence, discretion and judgment would act in the management of their own affairs.

FOIA Confidential Treatment Requested        PWCG157027

Exhibit 28 Page 538

E.  **Validity**: The Trustee may rely and shall be protected in acting or refraining from acting upon any written notices, instructions, certificates, instruments, opinions, letters or other written documents or requests furnished to Trustee hereunder and reasonably believed by Trustee to be genuine and to have been signed or presented by the proper party or parties.

F.  **Liability/Counsel**: The Trustee shall not be liable for any action taken or omitted by it in good faith unless a court of competent jurisdiction finally determines that the Trustee's willful misconduct, negligence or violation of law was the primary cause of any loss, provided that the Trustee used the same degree of care and skill as is reasonably expected of financial institutions acting in comparable capacities. In the administration of the Accounts, the Trustee may execute any of its powers and perform its duties under this Agreement directly or through agents and attorneys. The Trustee shall not be liable for the acts or omissions of such agents or attorneys, provided such agents or attorneys have been appointed with due care and act in good faith and in a reasonable and prudent manner, and within the scope of the agency relationship. The Trustee may consult with counsel, accountants and other skilled persons of its own choice (including counsel and accountants for Grantor) and shall have full and complete authorization and protection and shall incur no liability for any action taken or omitted by it hereunder in good faith and in accordance with the valid opinion or advice of such counsel, accountants and other skilled persons.

G.  Neither the corpus nor the income of the Trust herein created shall be liable for the debts of the Trustee, Grantor or any Beneficiary, nor shall the same be subject to seizure or any other legal process by any beneficiary or by any creditor of any Beneficiary, Grantor or the Trustee under any writ or proceeding at law or in equity and no beneficiary shall have any voluntary or involuntary power to sell, assign, transfer, encumber or in any other manner to anticipate or dispose of his interest in the Trust estate or in the income produced thereby, except as may be otherwise agreed to by the Grantor.

H.  **Indemnification**: Grantor shall indemnify the Trustee for, and hold Trustee harmless against any loss, liability or expense (including reasonable fees and expenses of outside counsel, the costs of litigation or investigation) arising out of or in connection with Trustee's following of any instructions or other directions from Grantor except to the extent that Trustee following any such instructions or direction is expressly forbidden by the terms of this Agreement or in cases of Trustee's negligence or misconduct. Grantor acknowledges that the foregoing indemnity shall survive for a period of four (4) years following the earlier of (i) the resignation or removal of the Trustee and (ii) the termination of this Agreement.

I.  **Disclosure**: Grantor shall provide the Trustee with the Trust's Tax Identification Number (TIN) as assigned by the Internal Revenue Service. The TIN for the Trust is ▇▇▇▇▇ as of the date of this Agreement. All interest or income earned under the Trust Agreement shall be allocated and paid as provided herein and reported by the recipient to the Internal Revenue Service as having been so allocated and paid.

J.  **Provisions**: The duties and responsibilities of the Trustee hereunder shall be determined solely by the express provisions of the Trust Agreement and no other or further duties or responsibilities shall be implied. The Trustee shall not have any liability under, nor duty to inquire into the terms and provisions of any agreement or instructions, other than as outlined in this Agreement. Without limiting the generality of the foregoing, the Trustee shall:

pacific west trust amended and restated trust agreement clean (2)    7

    1.    Have no duties or obligations other than those specifically set forth herein or as may subsequently be agreed in writing by the parties hereto and shall use the same degree of care and skill as is reasonably expected of financial institutions acting in comparable capacities;

    2.    Will be regarded as making no representations and having no responsibilities (except as expressly set forth herein) as to the validity, sufficiency, value, genuineness, ownership or transferability of the Policies, and will not be required to and will not make any representations as to the validity, value or genuineness of the Policies;

    **K.**    **Notices**: All notices, directions, consents, instructions or communications hereunder shall be in writing and shall be deemed to be duly given if sent by facsimile, recognized overnight delivery service or registered or certified mail, return receipt requested, as follows:

If to Trustee:

    Mills, Potoczak & Company
    27600 Chagrin Boulevard, Suite 200
    Cleveland, Ohio 44122
    Attention: President
    Phone No.: 216-464-7481
    Telecopier No.: 216-464-7581

If to Grantor:

    Pacific West Capital Group, Inc.
    1901 Avenue of the Stars, Suite 360.
    Los Angeles, California 90067
    Phone No.: 800-588-8000
    Telecopier No.: 310-578-6443

or at such other address as any of the above may have furnished to the other party in writing by registered or certified mail, return receipt requested and any such notice or communication given in the manner specified in this Section VI (K) shall be deemed to have been given as of the date so received. In the event that the Trustee, in its sole discretion, shall determine that an emergency exists, the Trustee may use such other reasonable means of communications, as the Trustee deems advisable.

    **L.**    **Confidentiality:** The Trustee shall not, without its receipt of the prior written consent of the Grantor, for any reason, either directly or indirectly, use, divulge, disclose or make accessible to any other person, firm, partnership, corporation or other entity any Confidential Information except (i) for the purpose of performing its duties required hereunder, or (ii) when required to do so by a court of competent jurisdiction, by any governmental agency having supervisory authority over the business of Grantor, or by any administrative body or legislative body with jurisdiction to order the Trustee to divulge, disclose or make accessible such information. For purposes of this Section (VII)(L), "Confidential Information" shall mean any non-public information concerning the Selling Policy Owner or Insured including, but not limited to, name, address, date of birth, assets, employment information, insurance policy information, health history, etc., as well as any non-public, proprietary and confidential information of the Grantor or its respective affiliates.

pacific west trust amended and restated trust agreement clean (2)      8

FOIA Confidential Treatment Requested      PWCG157029

Exhibit 28 Page 540

Failure by the Grantor to mark any of the Confidential Information as confidential or proprietary shall not affect its status as Confidential Information under the terms of this Trust Agreement. Trustee acknowledges that its obligations under this Section VII (L) shall survive the resignation or removal of the Trustee and the termination of this Agreement. If asked to do so by the Grantor, Trustee shall enter into a Non-Disclosure Agreement with the Grantor.

**M.** **Identification of Source:** It is understood that the Trustee and andy Beneficiary's bank in any funds transfer may rely solely upon any account numbers or similar identifying numbers provided by Grantor or Pacific West to identify (i) the Beneficiary, (ii) the Beneficiary's bank, or (iii) an intermediary bank.

**O.** **Modifications:** The provisions of this Trust Agreement may be waived, altered, amended or supplemented, in whole or in part, only by a writing executed and delivered by each of the Grantor and the Trustee.

**P.** **Assignments:** Neither this Trust Agreement nor any right or interest hereunder may be assigned in whole or in part by the Trustee without the prior consent of the Grantor. Grantor may assign its rights and interests under this Agreement to any party.

**Q.** **Counterparts:** This Trust Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**R.** **Conflicts of Direction:** In the event that the Trustee shall be uncertain as to its duties or rights hereunder or shall receive instructions, claims or demands from Grantor or Pacific West *which*, in its opinion, conflict with any of the provisions of this Agreement, it shall be fully protected and entitled to refrain from taking any action and its sole obligation shall be to keep safely all property held by it until it shall be directed otherwise in writing by all persons having an interest in the property or by a final order or judgment of a court of competent jurisdiction.

**S.** **Applicable Law:** This Agreement shall be construed and enforced in accordance with, and governed by, the laws of Ohio, without giving effect to the provisions thereof relating to conflicts of law.

**T.** **Statutory & Regulatory Compliance:** While this Agreement is in force, Grantor will be responsible for ensuring compliance with all statutory and regulatory requirements applicable thereto.

**U.** **Disputes.** The Trustee shall be under no duty to institute or defend any proceeding unless the subject of such proceeding is part of its duties hereunder. In addition to the foregoing, in the event of any dispute between the Grantor and the Trustee, or between any of them and any other person, resulting in adverse claims or demands being made upon any of the Premium Account, or in the event that the Trustee, in good faith, is in doubt as to what action it should take hereunder, the Trustee may, at its option, file a suit as interpleader in a court of appropriate jurisdiction, or refuse to comply with any claims or demands on it, or refuse to take any other action hereunder, so long as

FOIA Confidential Treatment Requested     PWCG157030

Exhibit 28 Page 541

such dispute shall continue or such doubt shall exist. The Trustee shall be entitled to continue so to refrain from acting until (i) the rights of all parties have been fully and finally adjudicated by a court of competent jurisdiction or (ii) all differences and doubt shall have been resolved by agreement among all of the interested persons, and the Trustee shall have been notified thereof in writing signed by all such persons. The rights of the Trustee under this Section are cumulative of all other rights which it may have by law or otherwise.

   **V.** **Merger, Conversion or Consolidation of Trustee**: Any entity into which the Trustee in its individual capacity may be merged or converted or with which it may be consolidated, or any entity resulting from any merger, conversion or consolidation to which the Trustee in its individual capacity shall be a party, or any corporation to which substantially all the corporate trust business of the Trustee in its individual capacity may be transferred, shall be the Trustee under this Agreement without further act.

   **W.** **Force Majeure**: In the event that any party to this Agreement is unable to perform its obligations under the terms of this Agreement because of acts of God, strikes, equipment or transmission failure or damages reasonably beyond its control, or other cause reasonably beyond its control, such party shall not be liable for damages to the other party for any unforeseeable damages resulting from such failure to perform or otherwise from such causes. Performance under this Agreement shall resume when the affected party is able to perform substantially that party's duties.

FOIA Confidential Treatment Requested     PWCG157031

Exhibit 28 Page 542

**X.     Entire Agreement**: This Agreement, all attachments and the attached Pacific West Agreement constitutes the entire agreement between Grantor and Trustee, and there are no terms expressed or implied other than the expressed terms of this Agreement.

IN WITNESS WHEREOF, the PWCG Trust Agreement has been executed by the Grantor and by the Trustee on the day and year last set forth below.

PACIFIC WEST CAPITAL GROUP, INC.
A California corporation, Grantor

By: _[signature]_ Date: 4/29/11
Name: Andrew Calhoun
Title: CEO/President

MILLS, POTOCZAK & COMPANY
An Ohio Professional Corporation, Trustee

By: _____ Date: 4/29/2011

William Potoczak, President

pacific west trust amended and restated trust agreement clean (2)    11

FOIA Confidential Treatment Requested

PWCG157032

Exhibit 28 Page 543