# EXHIBIT 39

| | |
|---|---|
| **From:** | Andrew Calhoun <acalhoun@pwcapital.net> |
| **Sent:** | Monday, March 24, 2014 02:32 PM |
| **To:** | 'Linda Lee'; 'Lorie Kaufman'; 'Christina Shook' |
| **Cc:** | 'maureen bejarano'; 'Chelsea Olson' |
| **Subject:** | ▆▆▆▆ /New York Life Policies Revised Bene Lists and Distribution Instructions |
| **Attachments:** | ▆▆▆4800 Grace Notice 03092014.pdf; The Bertini Revocable Trust.pdf; Honam Friendship Foundation of Southern California.pdf; ▆▆▆▆-New York Life # 61106747 Beneficiary List & Distribution Instructions.xlsx; ▆▆▆▆-New York Life # 61106802 Beneficiary List & Distribution Instructions.xlsx |

Linda and Lorie,

Please see the above-referenced attached, along with sub-docs.  Also, from the distribution to PWCG, Inc., please pull funds in the amount of $13,000 and make a payment for that amount to satisfy the attached grace notice on ▆▆▆▆.4800 policy.  Christina, please advise when this payment has been sent to the carrier.

Please let me know if you have any questions.

Thank you,

**Andrew Calhoun**
CEO & President
Pacific West Capital Group, Inc.
CA Dept. of Insurance Lic. #0D96167



*"We stand strong on integrity and earn investor trust with every transaction."*

**1901 Avenue of the Stars**
**Suite 680**
**Los Angeles, CA  90067**
**1-800-588-8000 (toll free)**
**310-578-6343 (local phone)**
**310-578-6443  (fax)**
**www.pwcapital.net**

1

**FOIA Confidential Treatment Requested**

PWCG253725

Exhibit 39 Page 709A



Confidentiality Notice: This message (including attachments, if any) is intended for the use of the individual or entity to which it is addressed and may contain information that is privileged, proprietary, confidential and exempt from disclosure. It is not to be used for advertising or solicitation purposes. If you are not the intended recipient, you are prohibited from reading, printing, copying, retaining a copy or disseminating this message or any part of it. If you have received this message in error, please notify us immediately by e-mail, discard any paper copies and delete all electronic files of this message.

FOIA Confidential Treatment Requested

PWCG253726

Exhibit 39 Page 710

# PACIFIC WEST CAPITAL GROUP, INC.

## LIFE SETTLEMENT DISCLOSURE FORM

**SET FORTH BELOW IS INFORMATION REQUIRED BY CALIFORNIA LAW TO BE DISCLOSED TO PURCHASERS OF LIFE SETTLEMENT INTERESTS. ADDITIONAL REQUIRED DISCLOSURES ARE CONTAINED IN THE PURCHASE AGREEMENT THAT YOU HAVE EXECUTED.**

1. **INFORMATION ABOUT THE INSURED**

    The insured is currently an 81 year old Female (DOB: █/1933).

2. **INFORMATION ABOUT THE INSURANCE COMPANY ISSUING THE POLICY**

    The insurance company that issued the policy that is described below is as follows:

    New York Life Insurance and Annuity Corporation
    *("AA+" rated by Standard & Poor's)*
    51 Madison Ave.
    New York, NY 10010
    1-212-576-7000

3. **INFORMATION ABOUT THE REGULATOR OF THIS INSURANCE COMPANY**

    The state or foreign country regulator of the insurance company that issued the policy is:

    Ohio Department of Insurance
    50 W. Town Street
    Third Floor – Suite 300
    Columbus, OH 43215
    (614) 644-2658

4. **GENERAL INSURANCE POLICY INFORMATION**

    The insurance policy number is █6802.
    This policy was originally issued on 12/6/2010.
    This policy is a Universal Life policy.

5. **INSURANCE FACE VALUE, POLICY OWNERSHIP & PURCHASE INFORMATION**

    The total face value of this policy is $4,166,666.

    You are purchasing _____ 1.25 _____ % of the death benefit payable under this policy.

**SELLERS.CA Disclosure Statement**
**Page 1 of 4**

PWCG253740

Exhibit 39 Page 711

6. **INFORMATION APPLICABLE IF THIS IS A GROUP POLICY**

   X  This policy is not a group policy.

   ☐  This policy is a group policy. The name, address, and telephone number of the group is as follows:

       Name             _____

       Address          _____

                        _____

       Telephone   (    ) _____

   ☐  You should be aware that material terms and conditions govern the conversion of this group policy to an individual policy. This information is as follows:

       Should premiums on this policy increase upon such conversion, the premiums due on this policy would increase from $_____ on a(n) _____ basis to $_____ on a(n) _____ basis upon any such conversion. This information is based on current conversion rates that apply to this policy, which may be different at the time of any such conversion.

       Material terms and conditions of which you should be aware are as follows:

       _____

       _____

       _____

7. **INFORMATION APPLICABLE IF THIS IS A TERM POLICY**

   X  This policy is not a term policy.

   ☐  This policy is a term policy. The term of this policy is _____ and the person responsible for renewing this policy, if necessary, is as follows:

       _____

       _____

       _____

8. **INFORMATION APPLICABLE IF THIS IS A 'SECOND TO DIE" POLICY**

   X  This policy is not a "second to die" policy.
   **The total fixed return on this purchase is 125%.** Based upon your purchase in

       **$ 23,333.33**    amount, you will receive    **$ 52,499.99**    upon maturity.

   ☐  This policy is a "second to die" policy that will not reach maturity until both insureds have died.

9. **PAYMENT OF POLICY PREMIUMS**

   The premiums due on this policy are due or will become due on an annual basis on September 6, 2013 in the amount of $97,898. Funds will be escrowed to pay the premiums due on this policy for 9 years and will be paid by the Trustee, Mills Potoczak & Co., in accordance with the terms set forth in the Life Settlement Purchase Agreement.

**SELLERS.CA Disclosure Statement**
Page 2 of 4

FOIA Confidential Treatment Requested                         **PWCG253741**

Exhibit 39 Page 712

In the event that the premium reserves described in the Life Settlement Purchase Agreement are exhausted, only then will you be responsible for a payment of your pro-rata share of any unpaid premiums that become due to keep this policy in force.

### 10. INFORMATION ABOUT CONTESTABILILTY OF THIS POLICY

This policy is beyond the state statute for contestability because the required amount of time has elapsed since the original date of issue of this policy or the insurance company that issued this policy has waived the contestability provision in writing.

### 11. POLICY OWNER

This policy will be owned by:

> PWCG TRUST, MILLS POTOCZAK & CO. - TRUSTEE
> 27600 CHAGRIN BLVD., SUITE 200
> CLEVELAND, OH 44122
> (216) 464-7481

**I have reviewed this Life Settlement Disclosure Form and wish to purchase the Interest described herein.**

| LIFE SETTLEMENT PURCHASER(S) | LIFE SETTLEMENT PURCHASER(S) |
|---|---|
| _Signature_ | _Signature_ |
| **Hankey Sanghoon Lee** | **Jay Kyong Kim** |
| Printed Name | Printed Name |
| ███████████████ | ███████████████ |
| Address | Address |
| **Los Angeles, CA 90010** | **Los Angeles, CA 90010** |
| City, State, Zip | City, State, Zip |
| ███████████ | ███████████ |
| Telephone Number | Telephone Number |
| Facsimile Number | Facsimile Number |
| 03\|14\|2014 | 03 – 14 – 2014 |
| Date | Date |

SELLERS.CA Disclosure Statement
Page 3 of 4

FOIA Confidential Treatment Requested

PWCG253742

Exhibit 39 Page 713

I have reviewed this Life Settlement Disclosure Form and wish to purchase the Interest described herein.

LIFE SETTLEMENT PURCHASER(S)

_____
Signature

**Bong K. Park**
Printed Name

████████████████████
Address

**Los Angeles, CA 90010**
City, State, Zip

███  ██  ████  ██
Telephone Number

_____
Facsimile Number

3—17—14
Date

LIFE SETTLEMENT PURCHASER(S)

_____
Signature

**Jong Whan Cha**
Printed Name

████████████████████
Address

**Los Angeles, CA 90010**
City, State, Zip

_____
Telephone Number

_____
Facsimile Number

3/14/14
Date

I have reviewed this Life Settlement Disclosure Form and wish to purchase the Interest described herein.

LIFE SETTLEMENT PURCHASER(S)

_____
Signature

**Young Suk Suh**
Printed Name

████████████████████
Address

**Los Angeles, CA 90010**
City, State, Zip

████████████████████
Telephone Number

_____
Facsimile Number

3—17—14
Date

LIFE SETTLEMENT PURCHASER(S)

_____
Signature

_____
Printed Name

_____
Address

_____
City, State, Zip

_____
Telephone Number

_____
Facsimile Number

_____
Date

**SELLERS.CA Disclosure Statement**
**Page 4 of 4**

Exhibit 39 Page 714



PACIFIC WEST CAPITAL GROUP, INC.
**LIFE SETTLEMENT PURCHASE AGREEMENT**
**No modifications to this Contract may be made without the written consent of the Parties**

**THIS LIFE SETTLEMENT PURCHASE AGREEMENT** ("Agreement") is made this ⁷ᵗʰ day of _March_ 20 _14_, by and between **Pacific West Capital Group, Inc.** ("PWCG" or the "Seller"), and ___Hanaan Friendship Foundation of Southern California___ (the "Purchaser"). This Agreement covers the purchase of one or more interests in the death benefits of a life insurance policy insuring the life of an individual who is at least seventy-five (75) years old, or life settlement interests ("Interests").

**WHEREAS**, the Purchaser has reviewed and approves and adopts the criteria utilized by the Seller to purchase said Interests; and

**WHEREAS**, the Purchaser acknowledges that the economic benefit derived from the transaction(s) contemplated by this Agreement will result solely from the maturity of the life insurance policy(ies) upon the death of the insured(s), and will not be derived from the efforts of any person or entity employed by or associated with the Seller, and the Purchaser expressly waives any and all claims to the contrary; and

**NOW THEREFORE**, in consideration of the mutual covenants and agreements hereinafter set forth, each party hereby represents that it or its representatives has/have the requisite authority to enter into this Agreement and hereby agree as follows:

**1. THE PURCHASE**

(a)   The Purchaser hereby agrees to deposit the sum of _Seventy thousand dollars_ ($ _70,000 _____ ) to acquire an Interest from the Seller.

Upon maturity, Purchaser will receive payment of _____% total fixed return.

(b)   The Purchaser's deposit will be made simultaneously with the delivery of this executed Agreement to Seller, by delivering a check, or effecting a wire transfer, made payable to Seller's Escrow Agent, Bank of Utah. The Purchaser's deposit does not constitute a purchase or a commitment to purchase until five (5) business days after the Purchaser has received all of the disclosures required by California law.

(c)   Beginning on the date Seller receives both this executed agreement and the purchase deposit, the Seller will provide, when available, information regarding life insurance policies which meet the requirements of Seller and Purchaser on a Life Settlement Disclosure Form. If after reviewing this information the Purchaser wishes to purchase the described Interests the Purchaser will sign and return the Life Settlement Disclosure Form.

Page 1

Purchaser's Initials

(d)     Upon Seller's receipt of the executed Life Settlement Disclosure Form, but in no event sooner than five (5) days after Purchaser's receipt of the Life Settlement Disclosure Form, the Seller will obtain confirmation of the recording of a change of ownership of such Policy to PWCG Trust and a confirmation of irrevocable beneficiary.  In the case of a Group Policy, the Seller will obtain a confirmation of the recording of an absolute assignment of such Group Policy to the PWCG Trust and a confirmation of the recording of a change of beneficiary under such Policy naming as beneficiary the PWCG Trust.  To the extent that the Seller does not at the date of this Agreement have available such policies, the Seller shall use its reasonable efforts to obtain a suitable policy(ies) as soon as practicable after the date of this Agreement.

(e)     Upon the maturity of the life insurance policy(ies) in which Purchaser has purchased a life settlement interest, the Seller's Post Closing Services Company shall file a claim for the death benefits with the appropriate insurance company.  When the PWCG Trust receives payment of such claim, the Purchaser will be paid its pro rata share of the death benefits.

(f)     The owner of the life insurance policy in which you will obtain an interest will be a trust.  The current trust is PWCG Trust.  The current Trustee of the PWCG Trust is Mills Potoczak & Co.  The Trustee's sole responsibilities are to maintain accounts for the purpose of making the premium payments as more fully described in Section 2(b) of this Purchase Agreement, to be the beneficiary for the death benefits of the life insurance policy in which you obtain an Interest and to disburse the death benefits in accordance with the assignments of benefits relating to that policy. PWCG has contracted with Mill Potoczak & Co. to perform certain post-closing services as the Trustee, as more fully set forth in Paragraph 3(n) herein.

(g)     The Seller's Escrow Agent is Bank of Utah, 200 E South Temple, Suite 210, Salt Lake City, UT  84111.

(h)     The responsibilities of the Escrow Agent are:

   1.     To hold the funds forwarded by the Purchaser pursuant to this Agreement.
   2.     To make disbursements at the direction of the Trustee.

(i)     The Escrow Agent is not representing the Purchaser in this transaction and has no responsibility to the Purchaser with regard to this transaction other than to hold the funds in escrow in accordance with Section 1h.

(j)     Purchaser recognizes that the Trustee and Escrow Agent shall not incur any liability to the Seller or to Purchaser for any damages, losses or expenses which either party may sustain or incur, unless the same is a direct result of the gross negligence or intentional misconduct of Trustee or Escrow Agent.  Trustee and Escrow Agent shall be protected in any action taken or omitted in good faith with respect to their duties and responsibilities.  Trustee and Escrow Agent shall be entitled to rely on any document(s) which Trustee and Escrow Agent

Page 2

Purchaser's Initials

FOIA Confidential Treatment Requested

PWCG253745

Exhibit 39 Page 716