# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff(s),<br><br>vs.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ET AL.<br><br>Defendant(s). | Case No. 2:15-cv-02563 (FMO)(FFMx)<br><br>[~~PROPOSED~~] PROTECTIVE ORDER |

Having reviewed the Stipulated Protective Order submitted by PACIFIC WEST CAPITAL GROUP, INC., ANDREW B CALHOUN IV ("Defendants"), and third-party subpoena respondent RELIANT LIFE SHARES, LLC ("Reliant"), and for GOOD CAUSE shown, the Court hereby ORDERS as follows:

## PROTECTIVE ORDER

1. **GOOD CAUSE**. Good cause exists for the entry of this protective order because Reliant and Pacific West Capital Group, Inc. are competitors, and because Reliant's response to the Subpoena is likely to include documents containing confidential and proprietary information, including, but not limited to, correspondence with the Securities and Exchange Commission, investor information, and other documents relating to Reliant's business practices, including Reliant's purchase agreement.

2. **SCOPE**.  This Protective Order applies to documents produced by Reliant in response to the Subpoena (the "Reliant Documents").

3. **PROCEDURES AND REQUIREMENTS**.  The Reliant Documents shall be produced subject to the following requirements:

a) Reliant Documents shall not be used for any purposes other than preparing for and conducting this litigation, including any appeal.

b) Within 30 days of the conclusion of this case, including any appeal, Defendants shall either return to Reliant all Reliant Documents in their possession or certify in writing that such Reliant Documents have been destroyed.

c) Reliant Documents that Reliant contends contain confidential or proprietary information ("Confidential Reliant Documents") may be designated confidential by placing or affixing the term "CONFIDENTIAL" on the document in a manner which will not interfere with legibility.

d) Any party seeking to file Confidential Reliant Documents with the Court shall comply with the procedures provided by Local Rule 79-5.2.2(b).

e) Defendants and their counsel shall not disclose Confidential Reliant Documents to any person or entity other than:

 1) Defendants' counsel's employees involved in preparation and trial of the lawsuit;
 2) Defendants' employees, members, managers, shareholders, agents and officers and directors, including but not limited to Andrew B Calhoun IV;
 3) court reporters and witnesses, as part of depositions or trial;
 4) jurors;
 5) court personnel;
 6) consultants, investigators, or experts employed by Defendants or their counsel to assist in the preparation and trial of the lawsuit;
 7) the Securities and Exchange Commission; and

1         8)    other persons as ordered by the Court or agreed to by Defendants and Reliant.

    f)    Any person listed in Section (e)(2) and (e)(6) above shall, before disclosure of any Confidential Reliant Document is made, execute an acknowledgment in the form attached as Attachment "A." Counsel for Defendants shall maintain copies of all signed acknowledgment forms. Counsel for Defendants shall provide any deposition witness and their counsel to whom Confidential Reliant Documents are shown a copy of this Order, and request that it be signed. If a witness or their counsel refuses to sign the acknowledgment form, such persons will be informed on the record that the order applies to that person with full force and effect despite any refusal to sign the acknowledgment form.

    g)    Enforcement of violations of the Order can be brought in this case, so that a separate action need not be brought.

**IT IS SO ORDERED**

Dated: March 15, 2016

                                    /s/ Frederick F. Mumm
                                    Frederick F. Mumm
                               United States Magistrate Judge