MICHAEL S. CRYAN (SBN 2751022)
michael.cryan@arentfox.com
ARAM ORDUBEGIAN (SBN 185142)
aram.ordubegian@arentfox.com
JAKE GILBERT (SBN 293419)
jake.gilbert@arentfox.com
**ARENT FOX LLP**
1675 Broadway
New York, New York 10019-5874
Telephone: 212.484.3900
Facsimile: 212.484.3990
COOK STREET MASTER TRUST

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B. CALHOUN IV; PWCG TRUST; BRENDA CHRISTINE BARRY; BAK WEST, INC.; ANDREW B. CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; AND CALEB AUSTIN MOODY (dba SKY STONE),<br><br>Defendant. | Case No. 2:15-CV-02563-FMO (FFMx)<br><br>**DECLARATION OF ANDREW PLEVIN IN SUPPORT OF RESPONSE OF COOK STREET MASTER TRUST TO RECIEVER'S MOTION FOR AUTHORITY TO:**<br><br>**(A) ENGAGE PORTFOLIO MANAGEMENT AND VALUATION CONSULTANT;**<br><br>**(B) TERMINATE MILLS, POTOCZAK & COMPANY; AND**<br><br>**(C) USE PWCG TRUST RESERVE FUNDS TO COVER UNFUNDED PREMIUM PAYMENTS FOR AN ADDITIONAL FIVE MONTHS**<br><br>Date: May 31, 2018<br>Time: 10:00am<br>Crtm: 6D<br>Judge: Hon. Fernando M. Olguin |

I, Andrew Plevin, declare PURSUANT TO 28 U.S.C. §1746 as follows:

1. I am over the age of 21 and I am capable of making this unsworn declaration. I have not been convicted of a felony or crime involving dishonesty,

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

AFDOCS/16374194.1

DECLARATION OF ANDREW PLEVIN
2:15-CV-02563-FMO (FFMX)

Case 2:15-cv-02563-DDP-FFM Document 156-1 Filed 05/10/18 Page 2 of 7 Page ID #:7362

and the facts contained herein are within my personal knowledge and are true and correct.

2. I am the Co-CEO of BroadRiver Asset Management L.P. and the Managing Member of Brighton Trustees, LLC, the Trustee of Cook Street Master Trust ("CSMT").

3. As stated by Mr. Hebrank in his two declarations (D.E. 146-1 and 153-1) Cook Street Master Trust ("CSMT") entered into an agreement (the "Agreement"), dated July 6, 2017 and attached to D.E. 146-1 as Exhibit A, with Pacific West Capital Group, Inc. ("Pacific West") and PWCG Trust. Pursuant to the Agreement, among other things, CSMT purchased all of Pacific West's rights in insurance policies held by PWCG Trust that Pacific West had acquired after taking over and assuming premium payment obligations from defaulted investors, or what is known as "forfeited interests." Those rights were for various percentage ownerships in most of the policies owned by the Trust.

4. Pursuant to its obligation as a percentage owner of policies in which it obtained interests, CSMT has taken over and assumed premium payment obligations for its proportional interests in those policies.

5. Additionally, pursuant to the Agreement, CSMT obtained the right to any subsequent forfeited interests in policies. In November 2017, PWCG Trust notified CSMT that CSMT would acquire additional interests as additional investors failed to make required premium payments. As a percentage owner of policies in which it obtained interests, CSMT has taken over and assumed premium payment obligations for its proportional interests in those policies.

6. In total, CSMT has paid PWCG Trust $875,467 for premiums for its proportional share of policies that have been acquired. PWCG Trust has advised CSMT, and CSMT has reason to believe, that PWCG Trust has maintained records of all of those premium payments and the precise proportional share held by CSMT in all of those policies.

ATTORNEYS AT LAW
NEW YORK

- 2 -

DECLARATION OF ANDREW PLEVIN
2:15-CV-02563-FMO (FFMX)

AFDOCS/16374194.1

7. To clarify the statements of Mr. Hebrank D.E. 146-1 and 153-1, CSMT acquired interests from Pacific West with an aggregate net death benefit of $28,206,155.85. CSMT acquired additional interests, as described above, with an aggregate net death benefit of $3,835,274.18. The total death benefit owned by CSMT through its acquisition of interests is just over $32 million. Mr. Hebrank has represented that the total face value, or net death benefit, of policies held by PWCG Trust is $126,650,578. CSMT therefore owns approximately 25% of the net death benefit of policies held by PWCG Trust.

8. Mr. Hebrank has recited the methods used to fund shortfalls in policy reserves in his recent declaration (D.E. 153-1) at paragraphs 2 through 6. During our due diligence review prior to entering into the Agreement, Pacific West and PWCG Trust informed us of the policy funding methods that had been used, and the description given by Mr. Hebrank in paragraphs 2, 3 and 4 is consistent with what we were told. We understand that for a period of time, Pacific West used its own funds to pay premiums that various investors had failed to make and received the interests for which it had made premium payments.

9. During our due diligence review, PWCG Trust confirmed that it had declared policy interests "forfeited" after a standard notification process that was followed with respect to each investor in a policy. PWCG Trust advised us, and gave us copies of notice letters that demonstrate a process involving an initial letter that requested a payment from each policy investor, due to the exhaustion of reserve funds, for each investor's proportional share of the necessary premium amount to keep policies in force, explaining the exhaustion of reserve funds and the investor's obligation to contribute. PWCG Trust would send a second letter if the investor had not paid the requested amount within a minimum of 30 days, in which it advised that failure to pay would result in the loss of the investor's interest in the policy. Thirty days or more after the second letter, PWCG Trust would send its final request and advise that failure to pay by a fixed date at least 30 days after the

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

AFDOCS/16374194.1

- 3 -

DECLARATION OF ANDREW PLEVIN
2:15-CV-02563-FMO (FFMX)

date of the third letter would result in forfeiture. Only after that fixed date would PWCG Trust declare a forfeit as to any investor who failed to remit the additional premium to the Trustee.

10. After CSMT acquired the interests outlined above, PWCG Trust requested CSMT to fund unfunded premium payments for interests which had not yet been forfeited but which may be forfeited later. Consequently, and to assist PWCG Trust in keeping policies in force, CSMT advanced a series of payments totaling $1,213,293.02 to PWCG Trust, which PWCG Trust stated would be used to make premium payments and which may later result in PWCG Trust assigning interests to Cook.

11. CSMT also advanced a total of $146,642.51 to enable PWCG Trust to make certain premium payments for policies still in their contract period, meaning that formal request for additional funds from investors could not be made but the policies were nevertheless in danger of lapse.

12. In total, CSMT has advanced $1,359,935.53 to PWCG Trust for the purpose of making premium payments to protect the interests of investors who, at least at the time of the advance, had failed to pay premiums when due but had not yet been subject to forfeiture.

13. CSMT is familiar with ITM 21st, and in fact uses that company for various services similar to the services for which the receiver seeks approval to engage ITM 21st. Should the court decide to appoint ITM 21st, CSMT is prepared to assist ITM 21st as it commences its engagement, to provide any information that might be helpful based on the work that CSMT has done over the past 12 months in analyzing the policies, policy market values, optimum premium funding levels and other details that will be necessary to complete the tasks for which ITM 21st will be engaged.

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

- 4 -

DECLARATION OF ANDREW PLEVIN
2:15-CV-02563-FMO (FFMX)

AFDOCS/16374194.1

14. CSMT does not oppose the request to use reserve funds from policies in their contract periods to pay premiums due on other policies. CSMT has never been requested by the Trustee to place any funds in reserve and consequently does not believe that it has an interest in the use of reserves.

15. CSMT is prepared to continue making premium payments to PWCG Trust for the roughly 25% interest that it has in policies held by PWCG Trust. CSMT has dedicated funds for those premium payments and is well-positioned to make all payments in a timely fashion. CSMT asks that the court modify the request of the receiver and allow CSMT to pay the necessary premiums on its allocable interests in policies. Such payments will of course reduce the need for cash to be drawn from the reserve funds.

16. Prior to this filing, counsel for CSMT presented the suggestion to counsel for the receiver that CSMT would pay its allocable premium. The suggestion was not rejected out of hand, but is not included in the proposal. CSMT asks the court to note its willingness to pay its obligation as well as the benefit that such payments will have for the investors whose reserve funds will be otherwise used for unfunded premium.

17. CSMT's request that the court allow CSMT to pay the necessary premiums on its allocable interest in policies is conditioned on PWCG Trust applying CSMT's payment only to CSMT's interests and not to any other interests.

17. In conclusion, CSMT recognizes the difficulties faced by Mr. Hebrank and his team, as well as 21st, in assessing the financial picture with respect to the policies, as well as valuation of the policies. Because of its acquisition of interests from Pac West, and its subsequent tracking of policies and premium information, CSMT has a substantial amount of information it can share with both the receiver and 21st to assist in the process. More importantly, CSMT is prepared to provide funding on the basis set forth above in accordance with proportionate interests in policies which, as noted, is almost 25% of the policies held by PWCG Trust. Based

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

AFDOCS/16374194.1

- 5 -

DECLARATION OF ANDREW PLEVIN
2:15-CV-02563-FMO (FFMX)

on the cash that CSMT is prepared to infuse into PWCG Trust, and the death benefits that the receiver said that he expects to collect, the drain on policy reserves should be substantially reduced, if not eliminated in short order.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK

- 6 -

DECLARATION OF ANDREW PLEVIN
2:15-CV-02563-FMO (FFMX)

AFDOCS/16374194.1

I declare under penalty of perjury under the law of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed this 10th day of May, 2018.

COOK STREET MASTER TRUST
By: Brighton Trustees, LLC, as Trustee

By: _____
Name:   Andrew Plevin
Title:   Managing Member

ARENT FOX LLP
ATTORNEYS AT LAW
NEW YORK