1   ALLEN MATKINS LECK GAMBLE
        MALLORY & NATSIS LLP
2   DAVID R. ZARO (BAR NO. 124334)
    865 South Figueroa Street, Suite 2800
3   Los Angeles, California 90017-2543
    Phone: (213) 622-5555
4   Fax: (213) 620-8816
    E-Mail: dzaro@allenmatkins.com
5
    ALLEN MATKINS LECK GAMBLE
6       MALLORY & NATSIS LLP
    EDWARD G. FATES (BAR NO. 227809)
7   One America Plaza
    600 West Broadway, 27th Floor
8   San Diego, California 92101-0903
    Phone: (619) 233-1155
9   Fax: (619) 233-1158
    E-Mail: tfates@allenmatkins.com
10
    Attorneys for Receiver
11  THOMAS HEBRANK

12              UNITED STATES DISTRICT COURT

13             CENTRAL DISTRICT OF CALIFORNIA

14  SECURITIES AND EXCHANGE            Case No. 2:15-cv-02563-FMO (FFMx)
15  COMMISSION,
                                       **RECEIVER'S SECOND INTERIM**
16              Plaintiff,             **REPORT AND**
                                       **RECOMMENDATIONS**
17         v.
                                       Ctrm.:      6D
18  PACIFIC WEST CAPITAL GROUP,        Judge:      Hon. Fernando M. Olguin
    INC.; ANDREW B CALHOUN IV;
19  PWCG TRUST; BRENDA CHRISTINE
    BARRY; BAK WEST, INC.; ANDREW B
20  CALHOUN JR.; ERIC CHRISTOPHER
    CANNON; CENTURY POINT, LLC;
21  MICHAEL WAYNE DOTTA; and
    CALEB AUSTIN MOODY (dba SKY
22  STONE),

23              Defendants.

24

25

26

27

28

LAW OFFICES
Allen Matkins Leck Gamble
Mallory & Natsis LLP

874169.02/SD

Thomas C. Hebrank ("Receiver"), the Court-appointed permanent receiver for PWCG Trust pursuant to the Judgment as to Defendant PWCG Trust ("Appointment Order") (Dkt. No. 145), hereby submits this Second Interim Report and Recommendations.  This report covers the time period from April 1, 2018, through June 30, 2018.

## I.     EXECUTIVE SUMMARY

Pursuant to the powers, authority, and directives contained in the Appointment Order, the Receiver has taken control and management of the assets of PWCG Trust, including its bank accounts, life insurance policies ("Policies"), and books and records.  Pursuant to the Court's order authorizing the Receiver to engage ITM Twentyfirst, Inc. ("21st") to perform portfolio management and valuation services (Dkt. No. 161), the Receiver has transitioned management services for PWCG Trust's portfolio from Trustee Mills, Potoczak & Company ("MPC") to 21st.

21st is also gathering the necessary medical records for the insureds and generating the required life expectancy reports ("LE Reports") to provide to the Receiver such that the Receiver can establish values for the policies and formulate a long-term proposal for paying future policy premiums to address the problem of insufficient reserves to pay policy premiums.  The Receiver plans to file his proposal with the Court before the end of September.

In the meantime, the Receiver has stabilized the portfolio, with the Court's permission, by borrowing from existing premium reserves to cover premium payments for which there are no reserves or insufficient reserves.  The Court has granted the Receiver permission to pay unfunded premiums in this manner through October 31, 2018, to allow the Receiver time to obtain the LE Reports, value the policies and the portfolio and formulate a long-term proposal.  Dkt. No. 161.

## II.     RECEIVER'S WORK TO IMPLEMENT APPOINTMENT ORDER

The Receiver's focus during the early portion of the second quarter was on obtaining proposals from providers of management and valuation services in order to

reduce management expenses and obtain the necessary valuation data, including LE reports.  Several proposals were received, at which point the Receiver followed up on each of them to negotiate terms of a contract for servicing as well as to provide LE and valuation related services.  Through that process, 21st was selected as presenting the best overall value to the receivership estate.

Once the Receiver was granted authority to engage 21st, his focus has been on transitioning portfolio management services from MPC to 21st, assisting 21st in the collection of premium optimization schedules from insurers and medical records from insureds, and monitoring the ongoing progress.  During the transition period, the Receiver has also continued to monitor and supervise the management of the portfolio, including making sure premium payments are timely made, tracking policy maturities, and ensuring receipt of death benefits.

Throughout this period, the Receiver has also worked to gather documents and records important for his accounting and analysis of receivership estate assets, including but not limited to documents associated with the claims asserted by third parties and potential claims to recover funds from third parties.  This work has included gathering voluminous records from MPC, BroadRiver Asset Management, and Defendants Pacific West Capital Group, Inc. and Andrew B. Calhoun, IV.  Work to gather documents, as well as to review and analyze key documents, is ongoing.  It should be noted that the Receiver's accounting and document analysis will ultimately be key to establishing allowed amount of each investor's claims and a plan for distribution of recovered assets.

### III.    PENDING LITIGATION

At the time of the Receiver's appointment, PWCG Trust had been named as a defendant in four lawsuits pending in Los Angeles Superior Court.  These lawsuits had all been filed by one or more investors, either individually or as a putative class. The Receiver filed notice of the Appointment Order and the litigation stay contained therein in each case and also contacted counsel for the other parties.  As a result, the

litigation stay has been observed by the state court and the parties in each case.  The Los Angeles Superior Court has held several case management conferences over the last 90 days in an effort to determine whether the cases can proceed against the other defendants in light of the stay of all claims as to PWCG Trust.

## IV.   INVESTOR COMMUNICATIONS

The Receiver has established a dedicated web page on his website which will be used to provide case information, regular updates, and answers to frequently asked questions to investors and creditors.  The Internet address for the webpage is as follows:  http://www.ethreeadvisors.com/cases/pwcg/.  The Receiver mailed a letter to all investors in the week following his appointment to inform them of the receivership and direct them to the website to obtain further notices and updates. The Receiver has posted the Appointment Order and other filings relating to the receivership on the webpage and will continue to update it with relevant filings and orders of the Court.  Investors and creditors can sign up at the webpage to receive email updates about the case.  To date, a total of 482 investors have signed up to receive such updates.  To ensure receipt of future notices, investors and creditors should promptly contact the Receiver's office at pwcg@ethreeadvisors.com if their contact information changes and provide their new contact information.

## V.   SUMMARY OF RECEIPTS AND DISBURSEMENTS

The following table reflects the starting balance in PWCG Trust's accounts as of the Receiver's appointment and a summary of the receipts and disbursements for the receivership estate from April 1, 2018, through June 30, 2018:

| | |
|---|---|
| Balance as of 3/31/18 | $7,980,330.14 |
| Policy Premium Payments | ($2,009,156.00) |
| Death Benefits Received | $5,073,731.00 |
| Interest earned | $625.00 |
| Ending Balance as of 6/30/18 | $11,045,530.14 |

In addition, the Standardized Fund Accounting Report for the receivership estate for the time period April 1, 2018, through June 30, 2018, is attached hereto as Exhibit A.  Finally, as the table above reflects, several policies have matured and the associated death benefits have been received.  These funds will be held until such time as the Court authorizes the Receiver to use these proceeds to pay premiums or to make administrative expense payments and distributions to investors and creditors with allowed claims.

## VI.    RECOMMENDATIONS

The Receiver's efforts to investigate and analyze assets, gather records, and analyze potential claims against third parties are ongoing.  The Receiver and his professionals make the following recommendations with regard to their efforts to implement the Appointment Order.

### A.    Document Recovery Efforts

The Receiver will obtain records from MPC, Pacific West, Calhoun, BroadRiver, and all financial institutions where PWCG Trust maintained accounts.  As noted above, the Receiver has issued several subpoenas and will issue additional subpoenas as necessary to obtain relevant documents, assets, and information.  As noted above, if the persons and entities subpoenaed, including Calhoun, do not comply and produce the requested documents, the Receiver will seek to compel their compliance through one or more motions to the Court.  It may also be necessary to take the depositions of certain individuals to obtain critical information.

### B.    Receivership Asset Recovery Efforts and Investigation

The Receiver will seek to locate any presently unaccounted for receivership assets that may exist and to pursue any improper transfers to third parties.  The Receiver will take appropriate steps to secure such assets and preserve their value.

### C.    Accounting

Once the Receiver has obtained bank records and records held by third parties, the Receiver will complete his accounting to establish the sources and uses of funds

1  by PWCG Trust, determine the proper amount of investor and creditor claims, and

2  identify potential improper transfers to third parties.

3     **D.      Provide Reports to the Court on a Quarterly Basis**

4        The Receiver will continue to provide reports to the Court on a quarterly basis,

5  as well as seeking Court approval of fee and costs on a quarterly basis.

6     **E.      Claims Review and Distribution Plan**

7        As the Receiver progresses, the Receiver will evaluate the appropriate method

8  for receiving and verifying investor and creditor claims, as well as the equitable and

9  efficient manner of distribution assets to those with valid claims.  At the appropriate

10 time, the Receiver will seek Court approval of procedures for determining claims and

11 a plan of distribution.  As noted above, the Receiver plans to file a long-term

12 proposal for addressing the lack of sufficient reserves to pay Policy premiums before

13 the end of September 2018 (to be heard prior to the end of October 2018), once the

14 life expectancy and other Policy valuation information necessary for the proposal has

15 been obtained.

16

17 Dated:  September 13, 2018         ALLEN MATKINS LECK GAMBLE
                                        MALLORY & NATSIS LLP
18
                                     By:      /s/ Edward G. Fates
19                                         EDWARD G. FATES
                                           Attorneys for Receiver
20                                         THOMAS HEBRANK

21

22

23

24

25

26

27

28

# EXHIBIT A

Thomas C. Hebrank, Receiver
E3 Advisors
401 West A Street, Suite 1830
San Diego, CA  92101
(619) 567-7223

# STANDARDIZED FUND
# ACCOUNTING REPORT

## CIVIL - RECEIVERSHIP FUND

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; et
al, Defendants

Case No. 2:15-cv-02563 FMO (FFMx)

REPORTING PERIOD 04/01/18 TO 06/30/18

STANDARDIZED FUND ACCOUNTING REPORT for FMO (FFMx) - Cash Basis
Case No. 2:15-cv-02563 FMO (FFMx)
Reporting Period 04/01/18 to 06/30/18

| FUND ACCOUNTING (See instructions): | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 1 | Beginning Balance (As of 04/01/18): | 7,980,330 | | 7,980,330 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | | | - |
| Line 3 | Policy Maturities | 5,073,731 | | 5,073,731 |
| Line 4 | Interest/Dividend Income | 625 | | 625 |
| Line 5 | Business Asset Liquidation | | | - |
| Line 6 | Personal Asset Liquidation | | | - |
| Line 7 | Third-Party Litigation Income | | | - |
| Line 8 | Misc - Insurance & Prop Tax Refunds | | | - |
| | **Total Funds Available (Lines 1 - 8):** | **13,054,686** | | **13,054,686** |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | - | | - |
| Line 10 | Disbursements to Receivership Operations | | | |
| Line 10a | *Disbursement to Receiver or Other Professionals* | | | - |
| Line 10b | *Business Asset Expenses* | (2,009,156) | | (2,009,156) |
| Line 10c | *Personal Asset Expenses* | - | | - |
| Line 10d | *Investment Expenses* | - | | - |
| Line 10e | *Third-Party Litigation Expenses* | - | | - |
| | 1. Attorney Fees | - | | |
| | 2. Litigation Expenses | - | | |
| | *Total Third-Party Litigation Expenses* | - | | - |
| Line 10f | *Tax Administrator Fees and Bonds* | - | | - |
| Line 10g | *Federal and State Tax Payments* | - | | - |
| | **Total Disbursements for Receivership Operations** | | | **(2,009,156)** |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | *Distribution Plan Development Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator.................................................. | - | | - |
| | Independent Distribution Consultant (IDC).. | - | | - |
| | Distribution Agent.................................................. | - | | - |
| | Consultants............................................................ | - | | - |
| | Legal Advisors...................................................... | - | | - |
| | Tax Advisors.......................................................... | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Miscellaneous | - | | - |
| | *Total Plan Developmental Expenses* | | | - |
| Line 11b | *Distribution Plan Implementation Expenses:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator.................................................. | - | | - |
| | IDC......................................................................... | - | | - |
| | Distribution Agent.................................................. | - | | - |
| | Consultants............................................................ | - | | - |
| | Legal Advisors...................................................... | - | | - |
| | Tax Advisors.......................................................... | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan.............. | - | | - |
| | Claimant Identification............................... | - | | - |
| | Claims Processing...................................... | - | | - |
| | Web Site Maintenance/Call Center............. | - | | - |
| | 4. Fund Administrator Bond | - | | - |
| | 5. Miscellaneous | - | | - |
| | 6. Federal Account for Investor Restitution (FAIR) Reports Expenses | - | | - |
| | *Total Plan Implementation Expenses* | | | - |
| | **Total Disbursements for Distribution Expenses Paid by the Fund** | | | - |
| Line 12 | Disbursements to Court/Other: | | | |
| Line 12a | *Investment Expenses/Court Registry Investment System (CRIS) Fees* | - | | - |
| Line 12b | *Federal Tax Payments* | - | | - |
| | **Total Disbursement to Court/Other:** | | | - |
| | **Total Funds Disbursed (Lines 9 - 11):** | | | **(2,009,156)** |
| Line 13 | Ending Balance (As of 06/30/2018): | | | **11,045,530** |

Exhibit A - Page 8

STANDARDIZED FUND ACCOUNTING REPORT for DDRA Capital, Inc. - Cash Basis
Case No. 2:15-cv-02563-DDP-FFMO (FFMx)
Reporting Period 04/01/18 to 06/30/18

| | | | | |
|---|---|---|---|---|
| **Line 14** | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | Cash & Cash Equivalents | | | 11,045,530 |
| Line 14b | Investments | | | - |
| Line 14c | Other Assets or Uncleared Funds | | | |
| | Total Ending Balance of Fund - Net Assets | | | 11,045,530 |

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| **OTHER SUPPLEMENTAL INFORMATION:** | | | | |
| | *Report of Items NOT to be Paid by the Fund:* | | | |
| **Line 15** | **Disbursement for Plan Administration Expenses Not Paid by the Fund:** | | | |
| Line 15a | *Plan Development Expenses Not Paid by the Fund:* | | | |
| | 1. Fees: | | | |
| | Fund Administrator.......................................... | - | | - |
| | IDC................................................................. | - | | - |
| | Distribution Agent......................................... | - | | - |
| | Consultants.................................................... | - | | - |
| | Legal Advisors............................................... | - | | - |
| | Tax Advisors.................................................. | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Miscellaneous | - | | - |
| | *Total Plan Developmental Expenses Not Paid by the Fund* | | | - |
| | | | | |
| Line 15b | *Plan Implementation Expenses Not Paid by the Fund* | | | |
| | 1. Fees: | | | |
| | Fund Administrator.......................................... | - | | - |
| | IDC................................................................. | - | | - |
| | Distribution Agent......................................... | - | | - |
| | Consultants.................................................... | - | | - |
| | Legal Advisors............................................... | - | | - |
| | Tax Advisors.................................................. | - | | - |
| | 2. Administrative Expenses | | | - |
| | 3. Investor Identification | | | |
| | Notice/Publishing Approved Plan............... | - | | - |
| | Claimant Identification................................. | - | | - |
| | Claims Processing......................................... | - | | - |
| | Web Site Maintenance/Call Center............. | - | | - |
| | 4. Fund Administrator Bond | - | | - |
| | 5. Miscellaneous | - | | - |
| | 6. FAIR Reporting Expenses | - | | - |
| | *Total Plan Implementation Expenses Not Paid by the Fund* | | | - |
| Line 15c | *Tax Administrator Fees & Bonds Not Paid by the Fund* | | | - |
| | Total Disbursements for Plan Administration Expenses Not Paid by the Fund | | | - |
| | | | | |
| **Line 16** | **Disbursements to Court/Other Not Paid by the Fund:** | | | |
| Line 16a | *Investment Expenses/CRIS Fees* | - | | - |
| Line 16b | *Federal Tax Payments* | - | | - |
| | Total Disbursement to Court/Other Not Paid by the Fund: | | | - |
| | | | | |
| **Line 17** | **DC & State Tax Payments** | - | | - |
| | | | | |
| **Line 18** | **No. of Claims:** | | | |
| Line 18a | *# of Claims Received This Reporting Period............................................* | | | 0 |
| Line 18b | *# of Claims Received Since Inception of Fund............................................* | | | 0 |
| **Line 19** | **No. of Claimants/Investors:** | | | |
| Line 19a | *# of Claimants/Investors Paid this Reporting Period............................................* | | | 0 |
| Line 19b | *# of Claimants/Investors Paid Since Inception of Fund............................................* | | | 0 |

Receiver:

By: *Thomas C Hebrank*

Thomas C. Hebrank

Court-Appointed Receiver

Date: 8/20/18