1
2
3
4
5
6
7
8                 **UNITED STATES DISTRICT COURT**
9                 **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | Case No.  2:15-cv-02563-DDP-FFM |
| Plaintiff, | **STIPULATED PROTECTIVE ORDER REGARDING ITM TWENTYFIRST, LLC DOCUMENTS** |
| v. | |
| PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; BRENDA CHRISTINE BARRY; BAK WEST, INC.; ANDREW B CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; and CALEB AUSTIN MOODY (dba SKY STONE), | Ctrm.:9C<br>Judge:Hon. Dean D. Pregerson |
| Defendants. | |

1.     A.     <u>PURPOSES AND LIMITATIONS</u>

Defendants Brenda Barry, Bak West Inc., Eric Christopher Cannon, Century Point, LLC and Caleb Austin Moody ("Defendants") have served a document subpoena upon ITM TwentyFirst, LLC ("ITM"). ITM has transmitted objections to the Defendants' subpoena, however, ITM has agreed to produce records to the Commission and the Defendants subject to the objections, with the understanding that the parties would abide by this Protective Order pending entry of an order by the Court.

4861-7139-6635 03

ITM asserts that certain documents to be produced contain confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.  Plaintiff Securities and Exchange Commission ("SEC") takes the position that when considering whether good cause for a protective order under Rule 26(c) exists, courts must weigh the presumption of openness of litigation materials against the asserted right of confidentiality.  When the government is a party to the litigation, those matters are of significant public concern which may often outweigh any competing interest in confidentiality.  Nonetheless, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

B.     GOOD CAUSE STATEMENT

This matter involves production of records reflecting personal and private information concerning investors and insured parties, including but not limited to confidential personal financial information, addresses, personal or joint life insurance policies, social security numbers, medical information and other private or personal information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes. Accordingly, to expedite discovery, a protective order for such information is justified in this matter.

2.     DEFINITIONS

2.1     Action:  this pending federal lawsuit.

2.2     Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4    Counsel:   Counsel of Record as well as their support staff.

2.5    Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    Non-Party:  the Receiver, ITM or any natural person, partnership, corporation, association or other legal entity not named as a Party to this action along with their counsel, and support staff.

2.9    Outside Counsel of Record:  attorneys retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

2.10   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.12   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Protective Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving violation of this Protective Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) any information that has come into the possession of a Receiving Party prior to the entry of this Protective Order.

Notwithstanding any other provision contained herein, this Protective Order shall not limit or otherwise abrogate the ability and authority of the SEC to, without notifying the Designating Party:  (1) use, disclose, or retain any materials to the extent required by law; and/or (2) use or disclose any materials in a manner

consistent with paragraphs 1-22 of Section H of SEC Form 1662 (the "Routine Uses of Information"), a copy of which is attached hereto as Exhibit B.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    DURATION

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order may be used or introduced as an exhibit at trial, to refresh a witness's recollection, to impeach a witness, or otherwise at trial as permissible by the orders of the trial judge and, absent a further order from the Court, will become public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial.

Any Party that intends to introduce records or documents designated as CONFIDENTIAL at trial, shall provide notice to ITM and the Receiver at least 30 days prior to the commencement of trial.  ITM and the Receiver shall have the opportunity to identify personally identifiable information contained within such CONFIDENTIAL documents or records and request that the Party redact such personally identifiable information within the records or documents before they are introduced at trial.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party will promptly notify other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order shall, when reasonably possible, clearly so designate before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b)     for testimony given in depositions that the Designating Party identifies the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive

the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

       6.1      Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.

       6.2      Meet and Confer.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq.

       6.3      Joint Stipulation.  Any challenge submitted to the Court shall be via a joint stipulation pursuant to Local Rule 37-2.

       6.4      The burden of persuasion in any such challenge proceeding shall be the Designating Party.  Frivolous challenges, and those made for an improper purpose may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

       7.1      Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

       7.2      Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

1          (a)     the Receiving Party's Outside Counsel of Record in this Action,

2    as well as employees of said Outside Counsel of Record to whom it is reasonably

3    necessary to disclose the information for this Action;

4          (b)     the officers, directors, and employees of the Receiving Party to

5    whom disclosure is reasonably necessary for this Action;

6          (c)     Experts (as defined in this Order) of the Receiving Party to

7    whom disclosure is reasonably necessary for this Action and who have signed the

8    "Acknowledgment and Agreement to Be Bound" (Exhibit A);

9          (d)     the court and its personnel;

10          (e)     court reporters and their staff;

11          (f)     professional jury or trial consultants, mock jurors, and

12    Professional Vendors to whom disclosure is reasonably necessary for this Action

13    and who have signed the "Acknowledgment and Agreement to Be Bound"

14    (Exhibit A);

15          (g)     the author or recipient of a document containing the information

16    or a custodian or other person who otherwise possessed or knew the information;

17          (h)     during their depositions, witnesses, and attorneys for witnesses,

18    in the Action to whom disclosure is reasonably necessary provided:  (1) the

19    deposing party requests that the witness sign the form attached as Exhibit 1 hereto;

20    and (2) they will not be permitted to keep any confidential information unless they

21    sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless

22    otherwise agreed by the Designating Party or ordered by the Court.  Pages of

23    transcribed deposition testimony or exhibits to depositions that reveal Protected

24    Material may be separately bound by the court reporter and may not be disclosed to

25    anyone except as permitted under this Stipulated Protective Order;

26          (i)     potential witnesses interviewed by a Receiving Party's counsel,

27    in connection with the action to whom Counsel determines that disclosure is

28    reasonably necessary provided they sign the "Acknowledgment and Agreement to

1  Be Bound" (Exhibit A).  Potential witnesses may be shown information and

2  documents designated "CONFIDENTIAL" for purposes of an interview but shall

3  not be given a copy of such document(s) to keep permanently; and

4          (j)     any mediator or settlement officer, and their supporting

5  personnel, mutually agreed upon by any of the parties engaged in settlement

6  discussions.

7  8.     A  NON-PARTY'S  PROTECTED  MATERIAL  SOUGHT  TO  BE

8         PRODUCED IN THIS LITIGATION

9         (a)     The terms of this Order are applicable to information produced by a

10 Non-Party in this Action and designated as "CONFIDENTIAL."  Such information

11 produced by Non-Parties in connection with this litigation is protected by the

12 remedies and relief provided by this Order.  Nothing in these provisions should be

13 construed as prohibiting a Non-Party from seeking additional protections.

14         (b)     If the Non-Party fails to seek a protective order from this Court,

15 the Receiving Party may produce the Non-Party's confidential information

16 responsive to the discovery request.  If the Non-Party seeks a protective order, the

17 Receiving Party shall not produce any information in its possession or control that is

18 subject to the confidentiality agreement with the Non-Party before a determination

19 by the Court.

20 9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

21         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

22 Protected Material to any person or in any circumstance not authorized under this

23 Stipulated Protective Order, the Receiving Party must immediately (a) notify in

24 writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

25 to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

26 persons to whom unauthorized disclosures were made of all the terms of this Order,

27 and (d) request such person or persons to execute the "Acknowledgment and

28 Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

11.   **MISCELLANEOUS**

11.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

11.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

11.3   Filing Protected Material.  A Party that seeks to file any Protected Material must either (i) redact all of the confidential information in the Protected Material prior to filing; or (ii) file the Protected Material under seal in compliance with Local Civil Rule 79-5.  If a Party seeks to file Protected Material under seal, it may only do so pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

1          11.4   Notwithstanding any other provision of this Protective Order, the SEC

2    shall not be limited in its ability to share, disclose, or produce any information

3    received in connection with this action with any other federal or state authority,

4    agency, or department.

5    12.    FINAL DISPOSITION

6          After the final disposition of this Action, as defined in paragraph 4, within 60

7    days of a written request by the Designating Party, each Receiving Party must return

8    all Protected Material to the Producing Party or destroy such material.  As used in

9    this subdivision, "all Protected Material" includes all copies, abstracts, compilations,

10   summaries, and any other format reproducing or capturing any of the Protected

11   Material.  Whether the Protected Material is returned or destroyed, the Receiving

12   Party must submit a written certification to the Producing Party (and, if not the same

13   person or entity, to the Designating Party) by the 60 day deadline that (1) identifies

14   (by category, where appropriate) all the Protected Material that was returned or

15   destroyed and (2) affirms that the Receiving Party has not retained any copies,

16   abstracts, compilations, summaries or any other format reproducing or capturing any

17   of the Protected Material.  Notwithstanding this provision, Counsel are entitled to

18   retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing

19   transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert

20   reports, attorney work product, and consultant and expert work product, even if such

21   materials contain Protected Material.

22         Unlike private litigants, the SEC has separate and additional document

23   retention obligations mandated by statutes, including, but not limited to, the

24   following:  (1) 18 U.S.C. §§ 641 and 2071; (2) 44 U.S.C. Chapters 21, 29, 31, and

25   33; and (3) 36 C.F.R. Parts 1220-1239.  As a result, Paragraph 13 shall not apply to

26   any Protected Material in the possession of the SEC.  In addition, nothing in this

27   Protective Order shall restrict or limit the SEC from retaining any materials to the

28   extent required by law.  The SEC may retain any Protected Material should it or its

1    staff determine that it should or must retain such information to fulfill its record-

2    keeping obligations or any other obligation, or to carry out any permitted uses under

3    the SEC's Form 1662.

4    13.    <u>VIOLATION</u>

5    　　　Any violation of this Order may be punished by appropriate measures

6    including, without limitation, contempt proceedings and/or monetary sanctions.

7    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9    Dated:  May 2, 2022                          ALLEN MATKINS LECK GAMBLE
                                                   MALLORY & NATSIS LLP
10                                                    DAVID R. ZARO

11                                                 By:_____/s/  David R. Zaro_____

12                                                    DAVID R. ZARO
                                                      Attorneys for ITM TWENTYFIRST,
13                                                    LLC

14

15   Dated:  May 2, 2022                          SECURITIES AND EXCHANGE
                                                   COMMISSION
16

17                                                 By:_____/s/  Gary Y. Leung_____
                                                      GARY Y. LEUNG
18                                                    Attorneys for Plaintiff SECURITIES
                                                      AND EXCHANGE COMMISSION
19

20   Dated:  May 2, 2022                          PAUL HASTINGS LLP

21

22                                                 By:_____/s/  Kyle Jones_____
                                                      KYLE JONES
23                                                    Attorneys for Defendants BRENDA
                                                      BARRY; BAK WEST INC.; ERIC
24                                                    CHRISTOPHER CANNON;
                                                      CENTURY POINT, LLC; and
25                                                    CALEB AUSTIN MOODY

26

27   ///

28   ///

1 | FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

2

3 | DATED: ___May 4, 2022___

4 | Hon. Dean D. Pregerson
Judge, United States District Court

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4861-7139-6635 03

-13-