ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
DAVID R. ZARO (BAR NO. 124334)
865 South Figueroa Street, Suite 2800
Los Angeles, California 90017-2543
Phone: (213) 622-5555
Fax: (213) 620-8816
E-Mail: dzaro@allenmatkins.com

ALLEN MATKINS LECK GAMBLE
   MALLORY & NATSIS LLP
EDWARD G. FATES (BAR NO. 227809)
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: tfates@allenmatkins.com

Attorneys for Receiver
THOMAS HEBRANK

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>v.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; BRENDA CHRISTINE BARRY; BAK WEST, INC.; ANDREW B CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; and CALEB AUSTIN MOODY (dba SKY STONE),<br><br>  Defendants. | Case No. 2:15-cv-02563 DDP(ASx)<br><br>**RECEIVER'S TWENTIETH INTERIM REPORT AND RECOMMENDATIONS**<br><br>Ctrm.: 9C<br>Judge: Hon. Dean D. Pregerson |

Thomas C. Hebrank ("Receiver"), the Court-appointed permanent receiver for PWCG Trust pursuant to the Judgment as to Defendant PWCG Trust ("Appointment Order") (Dkt. No. 145), hereby submits this Twentieth Interim Report and Recommendations.  This report covers the Receiver's activities during the fourth quarter of 2022.

## I.  EXECUTIVE SUMMARY

Pursuant to the powers, authority, and directives contained in the Appointment Order, the Receiver has continued his work to preserve and protect the assets of PWCG Trust, including its life insurance policies ("Policies") and cash reserves. Pursuant to the Court's orders, the Receiver has pooled the cash reserves and, with assistance from ITM Twentyfirst ("21st"), has continued to manage the portfolio of Policies, make all required premium payments to keep the Policies in force, and tracked and collected death benefits from Policy maturities.  The Receiver has also reached a settlement of the receivership estate's claims and the investor class claims against Mills Potoczak & Company ("MPC"), which settlement is subject to approval by the Los Angeles Superior Court ("LASC") and this Court.  A motion for preliminary approval of the class settlement has been filed with the LASC.  The Receiver plans to seek approval of the settlement from this Court once approval has been granted by the LASC.

## II.  SUMMARY OF THE RECEIVER'S WORK

The Receiver's primary focus during the fourth quarter was on managing and servicing the portfolio of Policies, which currently contains a total of 52 active Policies with death benefits totaling approximately $108.6 million.  In 2021, the Receiver issued an initial round of interim distribution checks in the aggregate amount of $37 million to investors with allowed claims.  The Receiver will continue to closely monitor the performance of the portfolio (as well as recoveries from other sources) and, pursuant to the Court-approved Distribution Plan, will make further rounds of interim distributions to investors with allowed claims at such times as

when, as a result of policy maturities, cash has accumulated in the receivership estate to allow the Receiver to safely make such distributions.

### A.     Pending Litigation

At the time of the Receiver's appointment, PWCG Trust had been named as a defendant in four lawsuits pending in the LASC.[1]  These lawsuits had each been filed by one or more investors, either individually or as a putative class.  The Receiver filed notice of the Appointment Order and the litigation stay contained therein in each case and contacted counsel for the other parties.  As a result, the litigation stay has been observed by the LASC and the parties in each case.

The Receiver also communicated with the investor plaintiffs, through their counsel, about the claims involved in the pending cases, the Receiver's claims against former trustee MPC, and the most cost-efficient way to pursue such claims.  On May 5, 2020, the Receiver filed his motion for authority to pursue claims against MPC, which motion was granted on July 31, 2020.  Dkt. 335, 357.  The Receiver then filed his Complaint against MPC (along with a Notice of Related Action to have the case assigned to this Court) on September 3, 2020.  MPC filed its Answer to the Receiver's Complaint on November 19, 2020.

The Receiver, through counsel, continued to discuss a possible settlement with MPC and counsel for the putative investor class.  MPC attended a mediation with its insurance carriers regarding the carriers' positions as to coverage of the Receiver and investor class claims in November 2021.  The Receiver, the putative investor class, MPC, and MPC's insurance carriers then attended a private mediation on January 13, 2022.

The cases did not settle at mediation; the insurance carriers' position on coverage of the claims asserted by the Receiver and by the investors against MPC

---

[1]   Two of these cases, known as the *Rhyme* and *Names* cases, have since been dismissed.  The two other cases, known as the *Shechter* and *Applebaum* cases, have been related before the same court.

continued to be disputed and remained an obstacle to a potential resolution of the cases. MPC filed an action in the Central District on January 14, 2022, seeking declaratory relief as to coverage of the Receiver and investor claims under the applicable insurance policies purchased by MPC. The MPC coverage action was then transferred to this Court as a related case.

In March, the Receiver, the investor class, and MPC reached a settlement in principle, subject to the settlement being approved by this Court and the Los Angeles Superior Court. The settlement terms are very favorable, recovering $9.75 million out of the $10 million in available insurance coverage. After the settlement had been documented, one of the class representatives in the state court actions initially refused to sign the Settlement Agreement (which had been signed by all other parties), which delayed the process of seeking Court approval. This issue was brought to the attention of the LASC and subsequently resolved. As noted above, a motion has been filed in the LASC for preliminary approval of the class settlement. The motion was originally set for hearing on November 22, 2022, but the hearing was subsequently continued to March 28, 2023. The Receiver plans to seek approval of the settlement from this Court once approval has been granted by the LASC.

### B. Investor Communications

The Receiver has established a dedicated web page on his website which is being used to provide case information, regular updates, and answers to frequently asked questions to investors and creditors. The Internet address for the webpage is as follows: http://www.ethreeadvisors.com/cases/pwcg/. The Receiver mailed a letter to all investors in the week following his appointment to inform them of the receivership and direct them to the website to obtain further notices and updates. The Receiver has posted the Appointment Order and other filings relating to the receivership on the webpage and will continue to update it with relevant filings and orders of the Court. Investors and creditors can sign up at the webpage to receive monthly email updates about the case. To ensure receipt of future notices, investors

and creditors should promptly contact the Receiver's office at pwcg@ethreeadvisors.com if their contact information changes and provide their new contact information.

### III. SUMMARY OF RECEIPTS AND DISBURSEMENTS

The following table reflects a summary of the receipts and disbursements for the receivership estate from October 1, 2022, through December 31, 2022:

| | |
|---|---:|
| Balance as of 10/01/22 | $3,800,349 |
| Policy Maturities | $0 |
| Investor Recoveries | $0 |
| Misc. Income | $1,208 |
| Disbursements to Receiver/Professionals | $237,935 |
| Policy Premium Pmts & Business Asset Expenses | ($1,913,442) |
| Federal & State Taxes | $0 |
| Investor Distributions | ($8,280) |
| Ending Balance as of 12/31/22 | $1,641,900 |

In addition, the Standardized Fund Accounting Report for the receivership estate for the corresponding time period October 1, 2022, through December 31, 2022, is attached hereto as Exhibit A.  It should be noted that another $2,000,000 in death benefits from policy maturities has been received since January 1, 2023, with another $750,000 expected to be received soon.

### IV. RECOMMENDATIONS

The Receiver's efforts to investigate and analyze assets, pursue claims and maximize recoveries for the receivership estate are ongoing.  The Receiver and his professionals make the following recommendations.

### C. Document Recovery Efforts

The Receiver has obtained records from MPC, Pacific West Capital Group, inc., Andrew Calhoun, BroadRiver Asset Management, and financial institutions where PWCG Trust maintained accounts. As noted above, the Receiver has issued several subpoenas and will issue additional subpoenas as necessary to obtain relevant documents, assets, and information.

### D. Provide Reports to the Court on a Quarterly Basis

The Receiver will continue to provide reports to the Court on a quarterly basis, as well as seeking Court approval of fees and costs on a quarterly basis.

### E. MPC Litigation

As noted above, the Receiver, the investor class, and MPC have reached a settlement, subject to approval by this Court and the LASC. The Receiver plans to seek approval of the settlement from this Court once preliminary approval has been granted by the LASC.

### F. Claims and Distributions

As discussed above, all claims against the receivership estate have now been resolved and the Court has approved the Receiver's Distribution Plan. The Receiver will continue to closely monitor the performance of the portfolio and, pursuant to the Court-approved Distribution Plan, will make further rounds of interim distributions to investors with allowed claims at such times as when, as a result of policy maturities, cash has accumulated in the receivership estate to allow the Receiver to safely make such distributions.

Dated:  February 21, 2023

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____/s/ Edward G. Fates_____
EDWARD G. FATES
Attorneys for Receiver
THOMAS HEBRANK

# EXHIBIT A

Thomas C. Hebrank, Receiver
E3 Advisors
501 West Broadway, Suite 290
San Diego, CA  92101
(619) 567-7223

# STANDARDIZED FUND ACCOUNTING REPORT

CIVIL - RECEIVERSHIP FUND

SECURITIES AND EXCHANGE COMMISSION,
Plaintiff,
v.
PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; et al, Defendants

Case No. 2:15-cv-02563 FMO (FFMx)

REPORTING PERIOD 10/01/22 TO 12/31/22

**STANDARDIZED FUND ACCOUNTING REPORT for PWCG Trust - Cash Basis**
**Case No. 2:15-cv-02563 FMO (FFMx)**
**Reporting Period 10/01/22 to 12/31/22**

| FUND ACCOUNTING (See instructions): | | Detail | Subtotal | Grand Total |
|---|---|---:|---:|---:|
| Line 1 | Beginning Balance (As of 10/01/22): | 3,800,349 | | 3,800,349 |
| | *Increases in Fund Balance:* | | | |
| Line 2 | Business Income | - | | - |
| Line 3 | Policy Maturities | - | | - |
| Line 4 | Interest/Dividend Income | 1,208 | | 1,208 |
| Line 5 | Business Asset Liquidation | - | | - |
| Line 6 | Personal Asset Liquidation | - | | - |
| Line 7 | Third-Party Litigation Income | - | | - |
| Line 8 | Misc - Insurance & Prop Tax Refunds | - | | - |
| | **Total Funds Available (Lines 1 - 8):** | 3,801,557 | | 3,801,557 |
| | *Decreases in Fund Balance:* | | | |
| Line 9 | Disbursements to Investors | (8,280) | | (8,280) |
| Line 10 | Disbursements to Receivership Operations | | | |
| Line 10a | Disbursement to Receiver or Other Professionals | (237,935) | | (237,935) |
| Line 10b | Business Asset Expenses | (1,913,442) | | (1,913,442) |
| Line 10c | Personal Asset Expenses | - | | - |
| Line 10d | Investment Expenses | - | | - |
| Line 10e | Third-Party Litigation Expenses | - | | - |
| | 1. Attorney Fees | - | | - |
| | 2. Litigation Expenses | - | | - |
| | **Total Third-Party Litigation Expenses** | - | | - |
| Line 10f | Tax Administrator Fees and Bonds | - | | - |
| Line 10g | Federal and State Tax Payments | - | | - |
| | **Total Disbursements for Receivership Operations** | - | | (2,151,377) |
| Line 11 | Disbursements for Distribution Expenses Paid by the Fund: | | | |
| Line 11a | Distribution Plan Development Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator………………………………… | - | | - |
| | Independent Distribution Consultant (IDC).. | - | | - |
| | Distribution Agent…………………………………. | - | | - |
| | Consultants………………………………………………. | - | | - |
| | Legal Advisors……………………………………………. | - | | - |
| | Tax Advisors………………………………………………. | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Miscellaneous | - | | - |
| | **Total Plan Developmental Expenses** | | | - |
| Line 11b | Distribution Plan Implementation Expenses: | | | |
| | 1. Fees: | | | |
| | Fund Administrator………………………………… | - | | - |
| | IDC………………………………………………………………. | - | | - |
| | Distribution Agent…………………………………. | - | | - |
| | Consultants………………………………………………. | - | | - |
| | Legal Advisors……………………………………………. | - | | - |
| | Tax Advisors………………………………………………. | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Investor Identification: | | | |
| | Notice/Publishing Approved Plan……………. | - | | - |
| | Claimant Identification……………………………. | - | | - |
| | Claims Processing……………………………………. | - | | - |
| | Web Site Maintenance/Call Center…………. | - | | - |
| | 4. Fund Administrator Bond | - | | - |
| | 5. Miscellaneous | - | | - |
| | 6. Federal Account for Investor Restitution (FAIR) Reports Expenses | - | | - |
| | **Total Plan Implementation Expenses** | | | - |
| | **Total Disbursements for Distribution Expenses Paid by the Fund** | | | - |
| Line 12 | Disbursements to Court/Other: | | | |
| Line 12a | Investment Expenses/Court Registry Investment System (CRIS) Fees | - | | - |
| Line 12b | Federal Tax Payments | - | | - |
| | **Total Disbursement to Court/Other:** | | | - |
| | **Total Funds Disbursed (Lines 9 - 11):** | | | (2,159,657) |
| Line 13 | Ending Balance (As of 12/31/21): | | | 1,641,900 |

Exhibit A, Page 9

STANDARDIZED FUND ACCOUNTING REPORT for PWCG Trust – Cash Basis
Case No. 2:15-cv-02563-JMO (FFMx)
Reporting Period 10/01/22 to 12/31/22

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| Line 14 | **Ending Balance of Fund - Net Assets:** | | | |
| Line 14a | Cash & Cash Equivalents | | | 1,641,900 |
| Line 14b | Investments | | | - |
| Line 14c | Other Assets or Uncleared Funds | | | - |
| | Total Ending Balance of Fund - Net Assets | | | 1,641,900 |

**OTHER SUPPLEMENTAL INFORMATION:**

| | | Detail | Subtotal | Grand Total |
|---|---|---|---|---|
| | *Report of Items NOT to be Paid by the Fund:* | | | |
| Line 15 | Disbursement for Plan Administration Expenses Not Paid by the Fund: | | | |
| Line 15a | Plan Development Expenses Not Paid by the Fund: | | | |
| | 1. Fees: | | | |
| | Fund Administrator............ | - | | - |
| | IDC............ | - | | - |
| | Distribution Agent............ | - | | - |
| | Consultants............ | - | | - |
| | Legal Advisors............ | - | | - |
| | Tax Advisors............ | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Miscellaneous | - | | - |
| | Total Plan Developmental Expenses Not Paid by the Fund | | | - |
| Line 15b | Plan Implementation Expenses Not Paid by the Fund | | | |
| | 1. Fees: | | | |
| | Fund Administrator............ | - | | - |
| | IDC............ | - | | - |
| | Distribution Agent............ | - | | - |
| | Consultants............ | - | | - |
| | Legal Advisors............ | - | | - |
| | Tax Advisors............ | - | | - |
| | 2. Administrative Expenses | - | | - |
| | 3. Investor Identification | | | |
| | Notice/Publishing Approved Plan............ | - | | - |
| | Claimant Identification............ | - | | - |
| | Claims Processing............ | - | | - |
| | Web Site Maintenance/Call Center............ | - | | - |
| | 4. Fund Administrator Bond | - | | - |
| | 5. Miscellaneous | - | | - |
| | 6. FAIR Reporting Expenses | - | | - |
| | Total Plan Implementation Expenses Not Paid by the Fund | | | - |
| Line 15c | Tax Administrator Fees & Bonds Not Paid by the Fund | | | - |
| | Total Disbursements for Plan Administration Expenses Not Paid by the Fund | | | - |
| Line 16 | **Disbursements to Court/Other Not Paid by the Fund:** | | | |
| Line 16a | Investment Expenses/CRIS Fees | - | | - |
| Line 16b | Federal Tax Payments | - | | - |
| | Total Disbursement to Court/Other Not Paid by the Fund: | | | - |
| Line 17 | **DC & State Tax Payments** | - | | - |
| Line 18 | **No. of Claims:** | | | |
| Line 18a | # of Claims Received This Reporting Period............ | | | 1,548 |
| Line 18b | # of Claims Received Since Inception of Fund............ | | | 1,548 |
| Line 19 | **No. of Claimants/Investors:** | | | |
| Line 19a | # of Claimants/Investors Paid this Reporting Period............ | | | 1,548 |
| Line 19b | # of Claimants/Investors Paid Since Inception of Fund............ | | | 1,548 |

Receiver:
By: *Thomas C Hebrank* (signature)
Thomas C. Hebrank
Court-Appointed Receiver

Date: 2/2/23

# PWCG Trust
## Quarterly Operating Report - Financial Summaries

|  | RR#17<br>03/31/22 | RR#18<br>06/30/22 | RR#19<br>09/30/22 | RR#20<br>12/31/22 |
|---|---:|---:|---:|---:|
| Beginning Cash | 4,750,494 | 4,894,224 | 2,997,673 | 3,800,349 |
| **Receipts** | | | | |
| Policy Maturities | 2,014,712 | 304,225 | 2,540,962 | - |
| Investor Recoveries | - | - | - | - |
| Interest Income | 280 | 353 | 562 | 1,208 |
| Miscellaneous - Other | - | 2,202 | - | - |
| Policy Sales | - | - | - | - |
| Total Receipts | 2,014,992 | 306,780 | 2,541,524 | 1,208 |
| **Disbursements** | | | | |
| Disbursements to Receiver/Professionals | - | (127,886) | - | (237,935) |
| Business Asset Expenses | (1,857,459) | (2,000,462) | (1,718,147) | (1,913,442) |
| Investor Distributions | (13,802) | (39,984) | (20,700) | (8,280) |
| Litigation Expenses | - | - | - | - |
| Net Business Asset Expenses | (1,871,262) | (2,168,332) | (1,738,847) | (2,159,657) |
| Federal and State Tax Payments | - | (35,000) | - | - |
| Total Disbursements | (1,871,262) | (2,203,332) | (1,738,847) | (2,159,657) |
| Ending Cash | 4,894,224 | 2,997,673 | 3,800,349 | 1,641,900 |
| **Bank Statements** | | | | |
| Checking | 88,235 | 69,888 | 101,742 | 95,365 |
| PWCG Trust #1 | 1,941,629 | 1,088,076 | 2,079,094 | 674,126 |
| PWCG Trust #2 | 2,275,698 | 1,290,761 | 1,090,789 | 350,812 |
| CD | - | - | - | - |
| CBB | - | - | - | - |
| Western Alliance | 588,661 | 548,947 | 528,724 | 521,597 |
|  | 4,894,224 | 2,997,672 | 3,800,349 | 1,641,900 |