UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; BRENDA CHRISTINE BARRY; BAK WEST, INC.; ANDREW B CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; and CALEB AUSTIN MOODY (dba SKY STONE),<br><br>　　　　　Defendants. | Case No. 2:15-CV-02563-DDP-ASx<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS BRENDA CHRISTINE BARRY AND BAK WEST. INC. |

1  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Securities
2  and Exchange Commission's ("SEC" or "Commission") Renewed Motion for
3  Summary Judgment ("Motion") Against Defendants Brenda Christine Barry
4  ("Barry") and Bak West, Inc. ("Bak West") (collectively, "Defendants") came before
5  the Court.  The Court, having considered all of the evidence and arguments presented
6  by the parties with regard to the SEC's Renewed Motion for Summary Judgment, the
7  Memorandum of Points and Authorities and the other documents filed in support of
8  and in opposition the SEC's Renewed Motion for Summary Judgment, finds that
9  Defendants violated Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] and
10 Section 15(a) of the Exchange Act of 1934 [15 U.S.C. § 78o(a)] (*see* Dkt. Nos. 546),
11 and enters this Final Judgment imposing the following remedial relief consistent with
12 its Order re Remedies (Dkt. No. 555):

I.

14 IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Barry and
15 Bak West are jointly and severally liable for disgorgement of $227,000.00,
16 representing net profits gained  as a result of the conduct alleged in the Complaint.
17 The Court further orders that Barry pay a civil penalty in the amount of $15,000.00
18 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section
19 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants shall satisfy these
20 obligations by paying the total disgorgement and Barry's civil penalty to the
21 Securities and Exchange Commission within 30 days after entry of this Final
22 Judgment.
23 Defendant may transmit payment electronically to the Commission, which will
24 provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also
25 be made directly from a bank account via Pay.gov through the SEC website at
26 http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified
27 check, bank cashier's check, or United States postal money order payable to the
28 Securities and Exchange Commission, which shall be delivered or mailed to

1       Enterprise Services Center
2       Accounts Receivable Branch
3       6500 South MacArthur Boulevard
4       Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Barry and Bak West as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making these payments, Defendants relinquish all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution

of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Barry shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that she is entitled to, nor shall she further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Barry's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant Barry shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Barry and/or Bak West by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:     August 10  , 2023

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

3