UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>            Plaintiff,<br><br>      vs.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; BRENDA CHRISTINE BARRY; BAK WEST, INC.; ANDREW B CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; and CALEB AUSTIN MOODY (dba SKY STONE),<br><br>            Defendants. | Case No. 2:15-CV-02563-DDP-ASx<br><br>[PROPOSED] FINAL JUDGMENT AS TO DEFENDANTS ERIC CHRISTOPHER CANNON AND CENTURY POINT, LLC |

1  Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Securities
2  and Exchange Commission's ("SEC" or "Commission") Renewed Motion for
3  Summary Judgment ("Motion") Against Defendants Eric Christopher Cannon
4  ("Cannon") and Century Point, LLC ("Century Point") (collectively, "Defendants")
5  came before the Court.  The Court, having considered all of the evidence and
6  arguments presented by the parties with regard to the SEC's Renewed Motion for
7  Summary Judgment, the Memorandum of Points and Authorities and the other
8  documents filed in support of and in opposition the SEC's Renewed Motion for
9  Summary Judgment, finds that Defendants violated Section 5 of the Securities Act of
10 1933 [15 U.S.C. § 77e] and Section 15(a) of the Exchange Act of 1934 [15 U.S.C. §
11 78o(a)] (*see* Dkt. Nos. 546), and enters this Final Judgment imposing the following
12 remedial relief consistent with its Order re Remedies (Dkt. No. 555):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a

1  registration statement has been filed with the Commission as to such security, or
2  while the registration statement is the subject of a refusal order or stop order or (prior
3  to the effective date of the registration statement) any public proceeding or
4  examination under Section 8 of the Securities Act [15 U.S.C. § 77h].
5      IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
6  provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
7  binds the following who receive actual notice of this Final Judgment by personal
8  service or otherwise:  (a) Defendants' officers, agents, servants, employees, and
9  attorneys; and (b) other persons in active concert or participation with Defendants or
10 with anyone described in (a).

II.

12     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
13 Defendants are permanently restrained and enjoined from violating Section 15(a) of
14 the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78o(a)] by
15 making use of the mails or any means or instrumentality of interstate commerce to
16 effect any transactions in, or to induce or attempt to induce the purchase or sale of,
17 any security, without being registered as a broker and/or dealer pursuant to Section
18 15(b) of the Exchange Act [15 U.S.C. § 78o(b)] or while Defendants are not
19 associated with an entity registered with the Commission as a broker or dealer.
20     IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as
21 provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also
22 binds the following who receive actual notice of this Final Judgment by personal
23 service or otherwise:  (a) Defendants' officers, agents, servants, employees, and
24 attorneys; and (b) other persons in active concert or participation with Defendants or
25 with anyone described in (a).

III.

27     IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that
28 Defendants are jointly and severally liable for disgorgement of $180,000.00,

representing net profits gained as a result of the conduct alleged in the Complaint, and that Cannon shall pay a civil penalty in the amount of $15,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  Defendants shall satisfy these obligations by paying the total disgorgement and Cannon's civil penalty to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.  Defendants may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center

    Accounts Receivable Branch

    6500 South MacArthur Boulevard

    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Cannon and Century Point as defendants in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making these payments, Cannon and Century Point relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Cannon and Century Point.

The Commission may enforce the Court's judgment for disgorgement by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action. Defendants shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961. The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The Commission may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant Cannon shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants payment of disgorgement in this action, argue he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Cannon's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Cannon shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages

action brought against Cannon and/or Century Point by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: \_\_\_\_August 10\_\_\_\_, 2023

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE