# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC WEST CAPITAL GROUP, INC.; ANDREW B CALHOUN IV; PWCG TRUST; BRENDA CHRISTINE BARRY; BAK WEST, INC.; ANDREW B CALHOUN JR.; ERIC CHRISTOPHER CANNON; CENTURY POINT, LLC; MICHAEL WAYNE DOTTA; and CALEB AUSTIN MOODY (dba SKY STONE),<br><br>Defendants. | Case No. 2:15-CV-02563-DDP-ASx<br><br>**AMENDED FINAL JUDGMENT AS TO DEFENDANT CALEB AUSTIN MOODY (dba Sky Stone)** |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Renewed Motion for Summary Judgment ("Motion") Against Defendant Caleb Austin Moody (dba Sky Stone) ("Moody" or "Defendant") came before the Court. The Court, having considered all of the evidence and arguments presented by the parties with regard to the SEC's Renewed Motion for Summary Judgment, the Memorandum of Points and Authorities and the other documents filed in support of and in opposition the SEC's

Renewed Motion for Summary Judgment, finds that that Defendant violated Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] and Section 15(a) of the Exchange Act of 1934 [15 U.S.C. § 78o(a)] (*see* Dkt. Nos. 546), and enters this Amended Final Judgment imposing the following remedial relief consistent with its Order re Remedies (Dkt. No. 555):

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $180,000.00, representing net profits gained as a result of the conduct alleged in the Complaint, and shall pay a civil penalty in the amount of $15,000.00 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy these obligations by paying the total disgorgement and civil penalty to the Securities and Exchange Commission within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Moody as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

/ / /

1

  Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making these payments, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

  The Commission may enforce the Court's judgment for disgorgement by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.

  The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 et seq., and moving for civil contempt for the violation of any Court orders issued in this action.   Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.  The Commission shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

  The Commission may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendant shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant payment of a civil penalty in

this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendant shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Moody by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: December 28, 2023

*[signature]*

HON. DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE COMMISSION,
400 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On December 20, 2023, I caused to be served the document entitled **[PROPOSED] AMENDED FINAL JUDGMENT AS TO DEFENDANT CALEB AUSTIN MOODY (dba SKY STONE)** on all the parties to this action addressed as stated on the attached service list:

☒ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: December 20, 2023           */s/ Donald W. Searles*
                                  Donald W. Searles

**SEC v. Pacific West Capital Group, Inc.; Andrew B. Calhoun IV, *et al.***
**United States District Court – Central District of California**
**Case No. 2:15-CV-02563-DDP-ASx**
**(LA-04248)**

### SERVICE LIST

Nicolas Morgan, Esq. (served via e-filing)
Paul Hastings
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071
nicolasmorgan@paulhastings.com
*Attorney for Defendants Brenda Christine Barry, BAK West, Inc., Eric Christopher Cannon, Century Point LLC, and Caleb Austin Moody (dba Sky Stone)*

David R. Zaro, Esq. (served via e-filing)
Allen Matkins Leck Gamble Mallory & Natsis LLP
865 S. Figueroa Street, Suite 2800
Los Angeles, CA 90017-2543
dzaro@allenmatkins.com
*Attorney for Receiver Thomas Hebrank*

Dennis J. Kelly (served via e-filing)
Dillingham & Murphy LLP
601 Montgomery Street, Ste 1900
San Francisco, CA 94111
*Attorney for Mills Potoczak & Company*

James K. Roosa (served via e-filing)
Roosa Co, LPA
3723 Pearl Road, Ste 200
Cleveland, OH 44109
*Attorney for Mills Potoczak & Company*

Wesley K. Bemis (served via U.S. mail)
898 Big Springs Court
Corona, CA 92878